Christine J. Haw (SBN 289351)
chaw@slpattorney.com
Caitlin J. Scott (SBN 310619)
cscott@slpattorney.com
**STRATEGIC LEGAL PRACTICES**
**A PROFESSIONAL CORPORATION**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone:  (310) 929-4900
Facsimile:   (310) 943-3838

Attorneys for Plaintiffs MARIA DE LOURDES LUNA
and KAREN CANO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DE LOURDES LUNA and KAREN CANO,<br><br>        Plaintiffs,<br><br>    v.<br><br>FCA US, LLC; and DOES 1 through 10, inclusive;<br><br>        Defendants. | Case No.: 2:17-cv-08272-ODW-RAO<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* # 1 TO EXCLUDE EVIDENCE OR ARGUMENT CONTRARY TO MATTERS DEEMED ADMITTED**<br><br>Date:        March 18, 2019<br>Judge:      Hon. Otis D. Wright II<br>Time:       3:00 p.m.<br>Location:  Courtroom 5D |

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................... 3

II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY ........................ 3

     A.   Procedural History ......................................................................... 3

     B.   Defendant Fails to Respond to Plaintiffs' Requests for Admission .................. 4

     C.   Plaintiffs' Meet and Confer Efforts ................................................. 6

III. LEGAL ANALYSIS ...................................................................................... 6

     A.   Defendant Failed to Respond to Plaintiffs' RFAs .............................. 6

     B.   As a Result of Defendant's Failure to Respond, the Matters Contemplated by
          the RFAs are Admitted .................................................................. 9

     C.   Defendant Did Not File a Motion to Withdraw the Admissions .................... 10

     D.   Even if Defendant's Untimely, Unsigned RFA Responses Could be Construed
          as a Motion to Withdraw Under Rule 36(b), Defendant Still Would Not be
          Able to Establish the Elements of Rule 36(b) .................................... 11

IV.  THE MATTERS DEEMED ADMITTED ...................................................... 15

V.   DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING
     EVIDENCE OR ARGUMENT CONTRARY TO THE MATTERS
     DEEMED ADMITTED ................................................................................. 19

VI.  CONCLUSION .............................................................................................. 20

1

# TABLE OF AUTHORITIES

## CASES

*999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985)...........................................8,9

*American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117 (5th Cir.1991) ...........................................................................................8, 17

*Conlon v. U.S.*, 474 F.3d 616 (2007).................................................................8, 10, 11

*Federal Trade Comm'n v. Medicor,* LLC (CD CA 2002) 217 F.Supp.2d 1048, 1053 ...............................................................................................................2, 8

*Hadley v. U.S.,* 45 F.3d 1345, 1348 (9th Cir.1995).......................................................9

*Kingstro v. County of San Bernardino*, No. CV 12–4673–SP, 2014 WL 3571803 (C.D. Cal. July 18, 2014) ..................................................................................11

*Layton v. International Ass'n of Machinists and Aerospace Workers*, 285 Fed.Appx. 340 (9th Cir. 2008) ...........................................................................7, 9

*Mnyandu v. County of Los Angeles*, 2018 WL 1441150 (C.D. Cal. Feb. 21, 2018) ...............................................................................................................5, 6

*Munsell v. United States*, 651 F. Supp. 698, 699–700 (D. Nev. 1986) ....................6

*O'Bryant v. Allstate Ins*. Co. (D CT 1985) 107 FRD 45, 48 ...................................2

*Quasius v. Schwan Food Co.* (8th Cir. 2010) 596 F3d 947, 952 ........................3, 8

*Rocca v. Den*, No. 2:14–cv–00538–ODW–MRW, 2015 WL 2085488 (C.D. Cal. May 5, 2015) (emphasis in original) ....................................................................13

*S. California Darts Ass'n v. Zaffina*, 762 F.3d 921 (9th Cir. 2014) ........................6

*Sonoda v. Cabrera,* 255 F.3d 1035 (9th Cir. 2001)....................................................9

*Willis v. Mullins*, 2006 WL 2792857 (E.D. Cal. 2006)............................................6

## STATUTES

California Civil Code section 1791(b)......................................................................13

Fed. R. Civ. P. 36(a) ...................................................................................................5

Fed. R. Civ. P. 5..........................................................................................................6

Fed.R.Civ.P. 5(b)........................................................................................................6

FRCP 36(a)(3).............................................................................................................2

Rule 30(b)(6)..............................................................................................1, 2, 4, 10

Rule 36...............................................................................................................passim

Rule 36(a) ........................................................................................................2, 3, 4, 7

Rule 36(b) .........................................................................................................passim

Rule 5 ..........................................................................................................................6

Rule 5(b) .....................................................................................................................6

Rule 5(b)(2)(C) ...........................................................................................................6

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* #1

## I.   INTRODUCTION

Defendant failed to timely respond to Plaintiffs' RFAs.  And when it ultimately responded, seven months after the deadline, the responses were not signed by either Defendant or its attorneys, in violation of Rule 36.

The matters contained in the RFAs are therefore automatically deemed admitted and conclusively established against Defendant and in favor of Plaintiffs.  Defendant has not filed a motion for withdrawal of the admissions, even though it possessed ample opportunity to do so.  Nor may Defendant do so now, given that the deadline for hearing motions has already expired.

Yet even if Defendant were granted leave to file a Rule 36(b) motion, Defendant would not prevail on the motion in light of the substantial prejudice to Plaintiff here as a result of Defendant's untimely, unsigned responses and failure to file a Rule 36(b) motion. As a consequence of Defendant's admissions, Plaintiffs did not designate an expert; did not deem it necessary to conduct a Rule 30(b)(6) deposition of Defendant's corporate representative; and did not file a motion to compel responses to Defendant's written discovery (because Defendant also did not timely respond to Plaintiff's interrogatories or document demands, resulting in a waiver of objections).

Because the matters are conclusively established, Defendant should be precluded from introducing any evidence or argument at trial contrary to the matters deemed admitted.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   Procedural History

On October 27, 2017, Plaintiffs filed this action in the Los Angeles Superior Court. (*See* CM/ECF Doc. No. 1 at p. 7, Ex. A.)  The complaint alleges that Defendant violated various provisions of the Song-Beverly Consumer Warranty Act (popularly known as California's Lemon Law), including by selling a defective 2016 Jeep Wrangler vehicle (the "Vehicle") to Plaintiffs and failing to repair it within a reasonable number of opportunities; failing to repair the Vehicle within 30 days; failing to provide sufficient

3

service literature and replacement parts to its authorized service and repair facilities; breaching the express warranty; and breaching the implied warranty of merchantability. (*See id.* ¶¶ 6-25.)

On November 13, 2017, Defendant removed this action to the Central District on the grounds that Plaintiff's request for the price of the vehicle, the two times civil penalties under the Act, and reasonable attorney fees will exceed $75,000.  (CM/ECF Doc. No. 1 at p. 4:19-24.)

On January 23, 2018, the Court issued its scheduling order, which, among other things, set the deadline for hearing motions for December 3, 2018. (CM/ECF No. 12 at p. 24.)

On December 7, 2018, the Court, on its own motion, continued, among other dates, the deadline to file motions *in limine* to March 4, 2019; the final pretrial conference to March 4, 2019; and trial to April 2, 2019.  (CM/ECF No. 24.)

### B.    Defendant Fails to Respond to Plaintiffs' Requests for Admission

On February 8, 2018, Plaintiffs personally served the following discovery on Defendant: (1) a Rule 30(b)(6) deposition notice; (2) a set of interrogatories; (3) a set of requests for production of documents; and, finally, (4) a set of requests for admission that are the subject of this motion *in limine* (the "RFAs").  (Scott Decl. ¶ 3, Ex. 1 [RFAs].) Under Rule 36(a)(3), written answers or objections to the RFAs (signed by Defendant or its attorneys) were due 30 days later, on March 12, 2018.  *See* Fed. R. Civ. P. 36(a)(3).

Defendant did not serve any answers or objections by the March 12, 2018 deadline. (Scott Decl. ¶ 4.)[1]  Instead, Defendant served answers and objections on October 22, 2018,

---

[1] "Failure to timely respond to RFAs results in automatic admission of the matters requested." [FRCP 36(a)(3); *O'Bryant v. Allstate Ins.* Co. (D CT 1985) 107 FRD 45, 48; *Federal Trade Comm'n v. Medicor,* LLC (CD CA 2002) 217 F.Supp.2d 1048, 1053.  [] "A motion to compel admissions (or to establish the admissions) is unnecessary. The rule is self-executing. See FRCP 36(a)(3)

D.Requests for Admission, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-D

4

more than seven months after the deadline. (*Id.* ¶ 7, Ex. 3 [Def.'s RFA Responses].) And even then, neither Defendant not its attorneys signed the (belated) answers/objections, as required by Rule 36. (*Id.*)[2] In addition, Plaintiff never stipulated that FCA's admission can be withdrawn or otherwise amended. *See Quasius v. Schwan Food Co.* (8th Cir. 2010) 596 F3d 947, 952.

Defendant now claims that "the original requests were not served properly, if served at all, on counsel for FCA US, LLC, as no attorney was listed on the service, so no one saw these requests." (CM/ECF Doc. No. 52 [Def.'s Am. Memo. of Contentions of Law and Fact] at 2:6-9, emphasis added). This claim is problematic for several reasons, not least of which because it is categorically false. As explained in greater detail below, Plaintiffs' proof of service plainly includes a Clark Hill attorney, Lynn R. Levitan, in the proof of service. (Scott Decl. ¶ 3, Ex. 1.) Further, Plaintiffs' "return" proof of service shows that Victor Martinez, the "person in charge" at Clark Hill, accepted service of the RFAs on February 8, 2018. (*Id.* ¶ 4, Ex. 2.) Finally, Plaintiffs note that Defendant has failed to offer any evidence—in the form of a declaration by Clark Hill's document custodian, a mail receipt log, *etc.*—showing that service was not properly effected. (*See* CM/ECF Doc. No. 52.) Rather, Defendant's vague denials take the form of mere argument. (*See id.*)[3]

Defendant's October 22, 2018 responses are thus unquestionably untimely (and unsigned). Because Rule 36(a) is self-executing, the facts contemplated by Plaintiffs' RFAs are automatically deemed admitted. *See* Fed. R. Civ. P. 36(a).

---

[2] "Once admitted, the matter is conclusively established "unless the court, on motion, permits the admission to be withdrawn or amended" pursuant to Rule 36(b)."

D.Requests for Admission, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-D

[3] Plaintiff should be allowed to depose anyone who provided such a declarations as it would likely be false.

5

Defendant possessed ample opportunity to file a Rule 36 motion for withdrawal of the admissions but elected not to do so. Defendant concedes that Plaintiffs sent Defendant a letter dated October 2, 2018 regarding its late responses to Plaintiff's discover reuests. (*See* CM/ECF Doc. No. 52 at 2:10-11.) Thus, even if Defendant only learned that its responses were untimely on October 2, 2018—Defendant notably fails to deny that it knew prior to October 2, 2018 that its responses were untimely—Defendant could have filed a Rule 36 motion either before or alongside the October 22, 2018 service of its untimely responses. Indeed, the motion hearing deadline would not expire until December 3, 2018.

Now that the deadline for hearing motions has expired, Defendant ought not be permitted to file a Rule 36 motion to withdraw the admissions. And even if Defendants' untimely, unsigned responses could somehow be construed as a Rule 36 motion, the Court should nonetheless deem the facts admitted. Plaintiffs relied on Defendant's admissions, and if Defendant were permitted to withdraw them now, less than one month before trial, Plaintiff would be unduly prejudiced. For instance, as a result of Defendant's admissions, Plaintiffs did not designate an expert; did not deem it necessary to conduct a Rule 30(b)(6) deposition of Defendant's corporate representative; and did not file a motion to compel responses to Defendant's written discovery (because Defendant also did not timely respond to Plaintiff's interrogatories or document demands, resulting in a waiver of objections). (*See* Scott Decl. ¶ 3.)

### C. Plaintiffs' Meet and Confer Efforts

On February 25, 2019, Plaintiffs sent a meet and confer email regarding the instant Motion in Limine. (*See* Scott Decl. ¶ 9, Ex. 4.) In addition, the parties met and conferred on February 25, 2019, to discuss the substance of this Motion. (*Id.*) The parties could not resolve their differences, necessitating this Motion. (*Id.*)

## III. LEGAL ANALYSIS

### A. Defendant Failed to Respond to Plaintiffs' RFAs

Rule 36(a) states as follows:

6

Time to Respond; Effect of Not Responding. A matter is admitted unless, **within 30 days** after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and **signeby the party or its attorney**. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a), emphasis added.

Here, Defendant unquestionably failed to respond to Plaintiffs' RFAs—nor, indeed, does Defendant dispute that the responses are untimely. As noted above, Defendant did not respond by the March 12, 2018 deadline. And when it did belatedly respond—on October 22, 2018, more than seven months after the deadline—the responses were not signed by neither Defendant nor its attorneys. *See Mnyandu v. County of Los Angeles*, 2018 WL 1441150, at *6 (C.D. Cal. Feb. 21, 2018) (RFA responses that are not signed are insufficient under Rule 36).[4]

Defendant without filing any motion now appears to requests relief from Rule 36(b) on the grounds that its attorneys never received Plaintiffs' RFAs. Specifically, Defendant claims that "the original requests were not served properly, if served at all, on *counsel* for FCA US, LLC, as no *attorney* was listed on the service, so no one saw these requests." (CM/ECF Doc. No. 52 [Def.'s Am. Memo. of Contentions of Law and Fact] at 2:6-9, emphasis added.) This assertion is problematic for several reasons.

First, Defendant's assertion that "no attorney was listed on the service" is categorically false. Even a cursory review of the proof of service attached to the RFAs makes clear that Clark Hill attorney, Lynn R. Levitan, is listed as a recipient in the proof of service. (*See* Scott Decl. ¶ 3, Ex. 1.) Further, Plaintiffs' "return" proof of service shows that Victor Martinez, the "person in charge" at Clark Hill, accepted service of the RFAs

---

[4] Even if responses were signed, the responses are still untimely and deemed admitted.

(along with Plaintiffs' other discovery) on February 8, 2018 at 11:56 a.m. (*See id.* ¶ 4, Ex. 2.) *See Mnyandu*, *supra*, 2018 WL 1441150, at *5 (defendants provided credible evidence that they sent RFAs to plaintiff by U.S. mail to plaintiff's last known address, which demonstrated that the RFAs were served in accordance with Rule 5(b)(2)(C)).

Second, Defendant's assertion that service was improper because "no attorney was listed on the service" only constitutes a limited (and ultimately meaningless) denial. Notably, Defendant does not deny that its defense firm, Clark Hill LLP, received the RFAs. Indeed, as noted above, Victor Martinez of Clark Hill accepted service of the RFAs on February 8, 2018.

Inasmuch as Defendant is arguing that service is only effected when made directly on an individual attorney, Defendant is incorrect. As Rule 5 makes clear, service is accomplished by "leaving [a paper] at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office[.]" Fed. R. Civ. P. 5. *See also Munsell v. United States*, 651 F. Supp. 698, 699–700 (D. Nev. 1986) ("Delivery of a copy within this rule means: 1) handing it to the attorney or to the party, 2) leaving it at his office with his clerk/person in charge, or 3) if the office is closed or the person to be served does not have an office, by leaving it at his dwelling house or usual place of abode. Fed.R.Civ.P. 5(b). Thus, although it may be preferable and the usual practice to effect service by delivering a copy of the motion to the attorney's office, service is not improper merely because delivery was made at the attorney's home."); *S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 928 (9th Cir. 2014) ("[T]he receptionist at the business address that Zaffina had provided to the district court is reasonably deemed to be a 'clerk or other person in charge' for the purposes of receiving documents. SoCal, therefore, properly effected service of its motion when its messenger delivered the motion to this receptionist. Its service was not deficient even if it is assumed that, for some reason, the motion was not ultimately conveyed to Zaffina."); *Willis v. Mullins*, 2006 WL 2792857, at *2–3 (E.D. Cal. 2006) (proof of service is largely irrelevant when service is completed in accord with Rule 5(b)).

In any event, Defendant's counsel also lists the names of individual attorneys in its proofs of service, yet considers service complete when effected on non-attorneys. (*See, e.g.*, CM/ECF Doc. No. 52 [listing Pls.' counsel in proof of service for its Memo. of Law and Facts]; Scott Decl. ¶ 4, Ex. 2 [same re Defendant's untimely RFA responses].) Accordingly, Defendant should be estopped from taking the position that service is incomplete if not made directly on an individual attorney.

Third, Defendant has cited **no evidence** in support of its assertion that service was improper, such as a declaration affirmatively attesting that Clark Hill did not receive the RFAs on February 8, 2018 or that Defendant's counsel conducted a search of its offices and files but could not locate the RFAs. Nor has Defendant proffered a mail log showing that the RFAs were not received on February 8, 2018. These failures are telling.

If Defendant persists, in the face of all evidence to the contrary, in contending that service was improper, the Court should grant Plaintiff leave to depose Mr. Martinez (the person who, according to the return proof of service, accepted service of the RFAs on behalf of Clark Hill and Defendant), the applicable document custodian at Clark Hill, and Clark Hill's attorneys. Further, the Court should hold an evidentiary hearing to evaluate Defendant's representation that service was improper.

Finally, Plaintiff notes that, when Defendant finally served its (belated) responses to the Request for Admissions, those responses were signed by neither Defendant nor its attorneys, in violation of Rule 36. Defendant perhaps knew that a Rule 36 motion was necessary to withdraw its admissions, and that absent leave of Court, Defendant could not sign its responses without breaching its Rule 11 obligations.

## B.   As a Result of Defendant's Failure to Respond, the Matters Contemplated by the RFAs are Admitted

Rule 36(a) is self-executing. *Layton v. International Ass'n of Machinists and Aerospace Workers*, 285 Fed.Appx. 340, 341 (9th Cir. 2008). Therefore, if a party does not respond to a request for admissions on time, the facts are admitted without the need for further action by the court or the parties. *Id.*; *Federal Trade Comm'n v. Medicor*, LLC,

217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002) ("Failure to timely respond to requests for admissions results in automatic admission of the matters requested.").

Here, because Defendant failed to respond to the RFAs on time or to sign the RFAs, the facts contemplated by the RFAs are deemed admitted without the need for further action.

### C.      Defendant Did Not File a Motion to Withdraw the Admissions

Once admitted, the matters are conclusively established unless the court on motion permits withdrawal or amendment of the admission pursuant to Rule 36(b). *Conlon v. U.S.*, 474 F.3d 616, 621 (2007). Admissions (either express or those resulting from a failure to respond) cannot be amended or withdrawn except by leave of court after noticed motion. *See 999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985). *See also Quasius v. Schwan Food Co.*, 596 F3d 947, 952 (8th Cir. 2010) (the proper procedure once matters are admitted and conclusively established is to file a motion under Rule 36(b) to withdraw or amend the admissions).

Delayed responses to RFAs (that are not filed with the court) cannot be construed as a motion to withdraw admissions. *Quasius*, 596 F3d 947, 952 (8th Cir. 2010). Thus, even if Defendant's belated responses had been signed, as required under Rule 36, they nonetheless could not be construed as a motion to withdraw or amend admissions.

Nor ought Defendant be permitted to file such a motion now. The last day for hearing motions was December 3, 2018. As explained above in Section II.B., above, Defendant possessed ample opportunity to file a Rule 36 motion prior to the cut-off but evidently elected not to do so. Defendant has therefore waived any right to seek withdrawal of the admissions under Rule 36 (the sole mechanism by which it could do so). *See American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119–20 (5th Cir.1991) (abuse of discretion to *sua sponte* withdraw admissions without proper motion).

10

**D.** **Even if Defendant's Untimely, Unsigned RFA Responses Could be Construed as a Motion to Withdraw Under Rule 36(b), Defendant Still Would Not be Able to Establish the Elements of Rule 36(b)**

Yet even assuming for the sake of argument that Defendant's untimely responses could be construed as a Rule 36(b) motion to withdraw admissions, the Court should nonetheless deem the facts admitted.

A court may permit withdrawal or amendment when (1) presentation of the merits of the action will be served; and (2) the party who obtained the admission will not be prejudiced by withdrawal. *Sonoda v. Cabrera,* 255 F.3d 1035, 1038 (9th Cir. 2001). A court must consider both factors in deciding a motion to withdraw or amend. *Conlon*, *supra*, 474 F.3d at 625. Prejudice is "not simply that the party who obtained the admission will not have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., because of the unavailability of key witnesses, because of the sudden need to obtain evidence" regarding the questions previously deemed admitted. *Hadley v. U.S.,* 45 F.3d 1345, 1348 (9th Cir.1995). Although a court may exercise its discretion in making its determination whether to allow an amendment or permit withdrawal, "[t]rial courts are advised to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *999, supra*, 776 F.2d at 869.

As a threshold matter, the failure to file a motion for withdrawal precludes a party from establishing that withdrawal of the admissions would promote the presentation of the merits of the action. *See Layton*, *supra*, at 341. Thus, Defendant's failure to file a Rule 36 motion terminates the analysis.

Setting this defect aside for the moment, however, Plaintiffs concede that the first half of the Rule 36(b) test would be satisfied if Defendant had filed a timely motion for withdrawal: upholding the admissions would establish Defendant's liability under each and every one of the causes of action alleged in Plaintiffs' complaint and would eliminate any presentation of the merits of the case.

11

Defendant, however, would not be able to satisfy the second half of the test (had it filed a timely motion under Rule 36). As in *Conlon*, this case involves more than a mere failure to comply with the deadlines. In *Conlon*, defendant served RFAs on August 19, 2004, making them due on September 21, 2004, but plaintiff did not respond until November 3, 2004, about a month-and-a-half after the deadline. *Conlon*, *supra*, at 619-20. On November 12, 2004, three days before the dispositive motions deadline, defendant filed a motion for summary judgment based on the deemed admissions. *Id.* at 620. On November 15, 2004, plaintiff filed a motion for relief under Rule 36(b), which defendant opposed. *Id.* at 620. On January 3, 2005, eight days before trial, the magistrate judge denied the motion for relief. *Id.* In total, defendant relied on the admissions for a total of two-and-a-half months, through the discovery and dispositive motion cut-off dates, with no indication that plaintiff intended to file a motion to withdraw his admissions. *Id.* at 624. Further, when the district court issued its order, only eight days remained until trial. *Id.* With trial imminent, defendant relied heavily on plaintiff's admission, which essentially conceded the case. *Id.* As a result, defendant conducted none of the discovery it otherwise needed to prove its case at trial. *Id.* The Ninth Circuit thus affirmed the district court's opinion finding that withdrawal of the deemed admissions at such a late stage would prejudice defendant. *Id.*

Plaintiff's prejudice here would be more severe than the prejudice to the defendant in *Conlon*. Here, Defendant served its belated responses more than seven months after the deadline (as opposed to one-and-a-half months in *Conlon*). Plaintiff has been relying on the admissions for nearly one year—since March 13, 2018, the day after the deadline for Defendant to respond (whereas the defendant in *Conlon* only relied on the admissions for two-and-a-half months). Further, Defendant has not filed a motion to withdraw the admissions under Rule 36 (whereas the plaintiff in *Conlon* did).

And as in *Conlon*, Plaintiff relied on the admissions through the discovery and dispositive motion cut-off dates. As a result of the admissions, Plaintiffs did not designate an expert; did not deem it necessary to conduct a Rule 30(b)(6) deposition of Defendant's

corporate representative; and did not file a motion to compel responses to Defendant's written discovery (because Defendant also did not timely respond to Plaintiff's interrogatories or document demands, resulting in a waiver of objections). Trial is also imminent (on April 2, 2019), and Defendant's admissions essentially concede the case. Accordingly, withdrawal of the deemed admissions at such a late stage would prejudice Plaintiffs.

Finally, as in *Conlon*, this is not a situation where Plaintiffs used requests for admission to gain an unfair tactical advantage. *See Conlon*, *supra*, at 625. Plaintiffs served their RFAs on February 8, 2018, well within the allotted discovery period, and Defendant possessed ample opportunity to file a motion for relief, but squandered that opportunity.

*Kingstro v. County of San Bernardino*, No. CV 12–4673–SP, 2014 WL 3571803 (C.D. Cal. July 18, 2014), is also instructive. In *Kingstro*, defendants served RFAs on plaintiff on August 9, 2013, but plaintiff did not respond until December 16, 2013, after the deadline had elapsed. *Id*. at *6. Plaintiff did not move to withdraw the admissions until June 10, 2014, the date of defendant's motion for summary judgment, which was premised on the admissions. *Id*. at *7. The court denied the motion:

> What is not understandable is plaintiff's counsel's failure to promptly seek defendants' stipulation to withdrawal of the deemed admissions and, if such stipulation were not forthcoming, then to promptly seek such relief from the court. At a minimum, given the January 31, 2014 discovery cutoff and the court's scheduling order that provided all hearings on discovery motions were to be completed by the discovery cutoff, plaintiff was required to file any motion to withdraw the deemed admissions before January 31, 2014.

*Id*. at *8.

Further, the court held that the record reflected that "defendants would be prejudiced at trial due to the many months defendants reasonably relied on the admission

13

with no indication plaintiff would seek their withdrawal." *Id*. at \*9.  The court also determined that the facts were akin to *Conlon*, in which a finding of prejudice was upheld where the defendant relied on the admissions for a total of two-and-a-half months, through the discovery and dispositive motion cut-off dates, with no indication that the plaintiff intended to file a motion to withdraw. *Id*.

Finally, the *Kingstro* court held that the plaintiff had not shown good cause for the court to permit him to withdraw the deemed admission at such a late date in the case:

> "Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions." *Id.* at 621 (citation omitted). Even where both requirements of Rule 36(b) are met, the court is not required to grant a motion to withdraw the deemed admissions. *Id.* at 624. In deciding whether to exercise its discretion to grant a motion to withdraw admissions, the court "may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." *Id.* at 625. Here, like in *Conlon,* neither plaintiff nor, perhaps more precisely, his counsel has shown "good cause for his dilatory conduct." *See id.* As noted above, while plaintiff has explained how he came to serve his responses to the RFAs so late, he has not satisfactorily explained why he waited so long to move to withdraw the admissions, allowing defendants to rely on them for months.

*Id*. at \*10.

The reasons for denying a motion for withdrawal here are even more compelling than the reasons for denying the motion in *Kingstro*.  Whereas the plaintiff in *Kingstro* filed a motion for withdrawal (albeit an untimely one), Defendant here has not filed any such motion at all, despite having ample opportunity to file one.  And having failed to file a motion, Defendant necessarily will not be able to explain why it waited so long to move

14

to withdraw the motions (because it has not filed one at all).  Further, in reliance on the admissions, Plaintiffs did not designate an expert, or have his expert inspect the Vehicle, depose Defendant's corporate representative, or file a motion to compel responses to Plaintiffs' written discovery.  Accordingly, Defendant will be unable to establish good cause for leave to file a Rule 36(b) motion.

This Court was also recently confronted with a situation in which the defendants had failed to timely respond to Plaintiff's RFAs.  The Court stated as follows: "While the Court acknowledges it *may,* in its discretion, amend or withdraw the admissions pursuant to Rule 36(b),[footnote omitted] Defendants filed no motion requesting the Court to do so." *Rocca v. Den*, No. 2:14–cv–00538–ODW–MRW, 2015 WL 2085488, at *2 (C.D. Cal. May 5, 2015) (Hon. Otis D. Wright II) (emphasis in original).  This Court thus found the matters contained in plaintiff's RFAs conclusively established pursuant to Rule 36. *Id.*

Similarly, here, Defendant has filed no motion for withdrawal.  Accordingly, for the same reasons as in *Rocca*, this Court should not permit Defendant to now file an untimely Rule 36 motion.

## IV.    THE MATTERS DEEMED ADMITTED

Defendants did not timely respond to any of Plaintiffs' RFAs.  Accordingly, all of the matters in the RFAs are automatically deemed admitted under Rule 36, as follows:

**ADMISSION NO. 1:** Plaintiffs MARIA DE LOURDES LUNA and KAREN CANO ("Plaintiffs") purchased the SUBJECT VEHICLE[5].

**ADMISSION NO. 2:** Defendant manufactured the SUBJECT VEHICLE.

**ADMISSION NO. 3:** Defendant distributed the SUBJECT VEHICLE.

**ADMISSION NO. 4:** Plaintiffs are each a "buyer" within the meaning of California Civil Code section 1791(b).

---

[5] As defined in Plaintiffs' RFAs, the term "SUBJECT VEHICLE" means the 2016 Jeep Wrangler purchased by Plaintiffs.

**ADMISSION NO. 5:** The SUBJECT VEHICLE is a "new motor vehicle" within the meaning of California Civil Code section 1793.22(e)(2).

**ADMISSION NO. 6:** Defendant provided an express warranty to Plaintiffs in connection with Plaintiffs' purchase of the SUBJECT VEHICLE.

**ADMISSION NO. 7:** Rydell Chrysler Dodge Jeep Ram in San Fernando, California is Defendant's authorized retailer.

**ADMISSION NO. 8:** Rydell Chrysler Dodge Jeep Ram in San Fernando, California is Defendant's authorized repair facility.

**ADMISSION NO. 9:** The SUBJECT VEHICLE had defects covered by warranty.

**ADMISSION NO. 10:** Plaintiffs presented the SUBJECT VEHICLE to Defendant's authorized repair facility on no fewer than five (5) different occasions during Defendant's warranty period.

**ADMISSION NO. 11:** Defendant's authorized repair facility performed repairs under warranty to the SUBJECT VEHICLE.

**ADMISSION NO. 12:** Defendant paid all warranty claims submitted by Defendant's authorized repair facility for repairs performed to the SUBJECT VEHICLE.

**ADMISSION NO. 13:** Defendant is aware of ENGINE DEFECTS[6] in vehicles of the same year, make, and model as the SUBJECT VEHICLE.

_____

[6] As defined in Plaintiffs' RFAs, the term "ENGINE DEFECTS" means such defects in the SUBJECT VEHICLE which result in symptoms including, but not limited to: a software update for the PCM requiring to be performed per 18-021-16 for engine misfire; the DTC P0300 and P0301 to the PCM update requiring to be performed; the vehicle running roughly; a flash powertrain diagnosis and system enhancements having to be performed; a cruise control calibration improvement update having to be performed; an improved engine misfire calibration on automatic transmission vehicles having to be performed; the Safety Recall 576 relating to the front impact sensor wires (recall CSN 1) having to be performed; a verification test having to be performed; a vehicle scan having to be performed; the location of a DTC requiring to be stored; the injector, coil, and sparkplug having to be moved; the cylinder head, head gasket in bank timing, cover gaskets, and upper intake gasket, and lower intake gasket having to be removed and replaced; a misfire monitor having to be repaired; the Vehicle shaking when coasting on low speeds; and repairs having to be

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* #1

**ADMISSION NO. 14:** ENGINE DEFECTS in the SUBJECT VEHICLE substantially impair its use.

**ADMISSION NO. 15:** ENGINE DEFECTS in the SUBJECT VEHICLE substantially impair its safety.

**ADMISSION NO. 16:** ENGINE DEFECTS in the SUBJECT VEHICLE substantially impair its value.

**ADMISSION NO. 17:** Defendant is aware of LEAKING DEFECTS[7] in vehicles of the same year, make, and model as the SUBJECT VEHICLE.

**ADMISSION NO. 18:** LEAKING DEFECTS in the SUBJECT VEHICLE substantially impair its use.

**ADMISSION NO. 19:** LEAKING DEFECTS in the SUBJECT VEHICLE substantially impair its safety.

**ADMISSION NO. 20:** LEAKING DEFECTS in the SUBJECT VEHICLE substantially impair its value.

**ADMISSION NO. 21:** Prior to the filing of the complaint Defendant knew that the SUBJECT VEHICLE had a defect, covered by the warranty, which substantially impaired the SUBJECT VEHICLE's use.

**ADMISSION NO. 22:** Prior to the filing of the complaint Defendant knew that the SUBJECT VEHICLE had a defect, covered by the warranty, which substantially impaired the SUBJECT VEHICLE's value.

---

performed for the heavy vibration when coasting from 15 MPH to stop; and any other concern related to the engine identified in the repair history for the subject the 2016 Jeep Wrangler.

[7] As defined in Plaintiffs' RFAs, the term "LEAKING DEFECTS" means such defects in the SUBJECT VEHICLE which result in symptoms including, but not limited to: water abnormally leaking from the Vehicle; water abnormally leaking into the cab of the Vehicle and drip onto the radio; the windshield seal leaking; a new seal having to be ordered and installed; premature cleaning and securement of the weather strip; a water test having to be performed; a leak down and compression test having to be performed; water leaking from the removeable roof; the removeable roof having to be re-sealed; and any other concern related to the engine identified in the repair history for the subject the 2016 Jeep Wrangler.

**ADMISSION NO. 23:** Prior to the filing of the complaint Defendant knew that the SUBJECT VEHICLE had a defect, covered by the warranty, which substantially impaired the SUBJECT VEHICLE's safety.

**ADMISSION NO. 24:** Defendant failed to repair the SUBJECT VEHICLE to conform to warranty within a reasonable number of repair attempts.

**ADMISSION NO. 25:** Defendant failed to promptly repurchase the SUBJECT VEHICLE.

**ADMISSION NO. 26:** Defendant failed to promptly replace the SUBJECT VEHICLE.

**ADMISSION NO. 27:** Defendant failed to repurchase the SUBJECT VEHICLE prior to the commencement of this lawsuit.

**ADMISSION NO. 28:** Defendant failed to replace the SUBJECT VEHICLE prior to the commencement of this lawsuit.

**ADMISSION NO. 29:** Defendant willfully failed to repurchase the SUBJECT VEHICLE.

**ADMISSION NO. 30:** Defendant willfully failed to replace the SUBJECT VEHICLE.

**ADMISSION NO. 31:** Defendant denied Plaintiffs' request for a repurchase or replacement of the SUBJECT VEHICLE.

**ADMISSION NO. 32:** The SUBJECT VEHICLE qualifies for repurchase or replacement under the Song Beverly Consumer Warranty Act.

**ADMISSION NO. 33:** Defendant did not offer to repurchase the SUBJECT VEHICLE prior to the filing of the Complaint.

**ADMISSION NO. 34:** Defendant did not offer to replace the SUBJECT VEHICLE prior to the filing of the Complaint.

**ADMISSION NO. 35:** At the time of purchase by Plaintiffs, the SUBJECT VEHICLE was not fit for the ordinary purposes for which such goods are used.

18

**ADMISSION NO. 36:** At the time of purchase by Plaintiffs, the SUBJECT VEHICLE did not pass without objection in the trade.

**ADMISSION NO. 37:** Defendant failed to provide its authorized repair facilities with adequate information regarding ENGINE DEFECTS to allow them to repair the SUBJECT VEHICLE so as to conform it to YOUR warranty.

**ADMISSION NO. 38:** Defendant failed to provide its authorized repair facilities with adequate information regarding LEAKING DEFECTS to allow them to repair the SUBJECT VEHICLE so as to conform it to Defendant's warranty

**ADMISSION NO. 39:** Defendant is unable to permanently repair the ENGINE DEFECTS in FCA VEHICLES[8].

**ADMISSION NO. 40:** Defendant is unable to permanently repair the LEAKING DEFECTS in FCA VEHICLES

**ADMISSION NO. 41:** Defendant knew prior to the filing of the Complaint that the repairs performed on the SUBJECT VEHICLE were ineffective.

**ADMISSION NO. 42:** Defendant breached the Implied Warranty of Merchantability with respect to the SUBJECT VEHICLE at the time of sale.

## V.   DEFENDANT SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE OR ARGUMENT CONTRARY TO THE MATTERS DEEMED ADMITTED

Because the matters contained in Plaintiffs' RFAs are conclusively established, Defendant should be precluded from introducing evidence or argument contrary to the admitted facts at trial. *See Am. Auto. Ass'n v. AAA Legal Clinic,* 930 F.2d 1117, 1120 (5th Cir.1991) ("An admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible.").

---

[8] As defined in Plaintiffs' RFAs, the term "FCA VEHICLES" refers to all vehicles of the same make, model, and year as the SUBJECT VEHICLE.

19

## VI.  CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion and preclude Defendant from introducing any evidence or argument contrary to the admitted matters.

Dated:  March 4, 2019                      Respectfully submitted,

Strategic Legal Practices, APC

By:  /s/ Caitlin J. Scott
Caitlin J. Scott
Attorneys for Plaintiffs Maria De Lourdes and Karen Cano

20

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* #1