Case 2:17-cv-08272-ODW-RAO   Document 55-4   Filed 03/04/19   Page 1 of 13   Page ID #:441

Lynn R. Levitan, Esq., SBN 176737
Michelle Droeger, Esq., SBN 151384
**CLARK HILL LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:   (213) 891-9100
Facsimile:   (213) 488-1178
LLevitan@clarkhill.com
MDroeger@clarkhill.com

Attorneys for Defendant FCA US LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DE LOURDES LUNA and KAREN CANO,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-08272-ODW-RAO<br><br>[Assigned to Hon. Otis D. Wright]<br><br>**FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE**<br><br>Complaint Filed: July 23, 2018 |

**PROPOUNDING PARTY:**   Plaintiffs, MARIA DE LOURDES LUNA and KAREN CANO

**RESPONDING PARTY:**   Defendant, FCA US LLC

**SET NUMBER:**   One (1)

### FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE

FCA US LLC ("FCA US") responds to Plaintiffs' Requests for Admissions to Defendant, Set One as follows:

### PRELIMINARY STATEMENT

These responses are made solely for the purpose of this action. Each response is made subject to all objections as to competence, materiality, relevance or other objection as to admissibility that may apply in the event that any such response, or the information contained therein, is sought to be used in

1

DEFENDANT FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE

court. FCA US expressly reserves all such objections.

ADMISSION NO. 1: Admit Plaintiffs MARIA DE LOURDES LUNA and KAREN CANO ("Plaintiffs") purchased the SUBJECT VEHICLE.

RESPONSE NO. 1: Following a reasonable inquiry the information known or readily obtainable is insufficient to allow the responding party to admit or deny this request. FCA US was not a party to the sale of the subject vehicle, to Plaintiffs.

ADMISSION NO. 2: Admit YOU manufactured the SUBJECT VEHICLE.

RESPONSE NO. 2: Denied as stated. FCA US admits that the 2016 Jeep Wrangler, VIN 1C4BJWFG4GL265641, was assembled by Chrysler Group LLC, now known as FCA US LLC.

ADMISSION NO. 3: Admit YOU distributed the SUBJECT VEHICLE.

RESPONSE NO. 3: Denied as stated. FCA US admits that the 2016 Jeep Wrangler, VIN 1C4BJWFG4GL265641, was assembled by Chrysler Group LLC, now known as FCA US LLC.

ADMISSION NO. 4: Admit Plaintiffs are each a "buyer" within the meaning of California Civil Code section 1791(b).

RESPONSE NO. 4: Following a reasonable inquiry the information known or readily obtainable is insufficient to allow the responding party to admit or deny this request.

ADMISSION NO. 5: Admit the SUBJECT VEHICLE is a "new motor vehicle" within the meaning of California Civil Code section 1793.22(e)(2).

RESPONSE NO. 5: Following a reasonable inquiry the information known or readily obtainable is insufficient to allow the responding party to admit or deny this request.

ADMISSION NO. 6: Admit YOU provided an express warranty to Plaintiffs in connection with Plaintiffs' purchase of the SUBJECT VEHICLE.

RESPONSE NO. 6: FCA US admits that a written limited warranty accompanied the 2016 Jeep Wrangler, VIN 1C4BJWFG4GL265641, when it was originally distributed.

2

ADMISSION NO. 7:  Admit Rydell Chrysler Dodge Jeep Ram in San Fernando, California is YOUR authorized retailer.

RESPONSE NO. 7:  FCA admits that at all times relevant Rydell Chrysler Dodge Jeep Ram was an independently owned entity authorized to sell and perform service on Jeep vehicles under the written limited warranties.

ADMISSION NO. 8:  Admit Rydell Chrysler Dodge Jeep Ram in San Fernando, California is YOUR authorized repair facility.

RESPONSE NO. 8:  FCA admits that at all times relevant Rydell Chrysler Dodge Jeep Ram was an independently owned entity authorized to sell and perform service on Jeep vehicles under the written limited warranties.

ADMISSION NO. 9:  Admit the SUBJECT VEHICLE had defects covered by warranty.

RESPONSE NO. 9:  FCA US admits that repairs were performed to the 2016 Jeep Wrangler, VIN 1C4BJWFG4GL265641, pursuant to the limited written warranty.

FCA US otherwise objects to this request because it is argumentative and misleading. FCA US also objects to this request because the term "defects" is vague, ambiguous and undefined.

ADMISSION NO. 10:  Admit Plaintiffs presented the SUBJECT VEHICLE to YOUR authorized repair facility on no fewer than five (5) different occasions during YOUR warranty period.

RESPONSE NO. 10:  FCA US admits that repairs were performed to the 2016 Jeep Wrangler, VIN 1C4BJWFG4GL265641, pursuant to the limited written warranty.

FCA US otherwise objects to this request because it is argumentative and misleading.

ADMISSION NO. 11:  Admit YOUR authorized repair facility performed repairs under warranty to the SUBJECT VEHICLE.

RESPONSE NO. 11:  FCA US admits that repairs were performed to the 2016 Jeep Wrangler, VIN 1C4BJWFG4GL265641, pursuant to the limited written warranty.

3

DEFENDANT FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE

FCA US otherwise objects to this request because it is argumentative and misleading.

ADMISSION NO. 12:  Admit YOU paid all warranty claims submitted by YOUR authorized repair facility for repairs performed to the SUBJECT VEHICLE.

RESPONSE NO. 12:  FCA US admits this request.

ADMISSION NO. 13:  Admit YOU are aware of ENGINE DEFECTS in vehicles of the same year, make, and model as the SUBJECT VEHICLE.

RESPONSE NO. 13:  FCA US objects to this request because it is vague and ambiguous, and vague as to time.  FCA US also objects to this request because the phrase "ENGINE DEFECTS" is vague, ambiguous and overly broad.  FCA US further objects to the extent that this request seeks information regarding vehicles other than the 2016 Jeep Wrangler, VIN 1C4BJWFG4GL265641, because such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  FCA US additionally objects to this request because it is not full and complete in and of itself, and contains subparts or is a compound, disjunctive or conjunctive request in violation of Code of Civil Procedure section 2033.060.

ADMISSION NO. 14:  Admit ENGINE DEFECTS in the SUBJECT VEHICLE substantially impair its use.

RESPONSE NO. 14:  FCA US denies this request.

FCA US otherwise objects to this request because the phrase "ENGINE DEFECTS" is vague, ambiguous and overly broad.  FCA US also objects to this request because it is not full and complete in and of itself, and contains subparts or is a compound, disjunctive or conjunctive request in violation of Code of Civil Procedure section 2033.060.

ADMISSION NO. 15:  Admit ENGINE DEFECTS in the SUBJECT VEHICLE substantially impair its safety.

RESPONSE NO. 15:  FCA US denies this request.

FCA US otherwise objects to this request because the phrase "ENGINE DEFECTS" is vague, ambiguous and overly broad. FCA US also objects to this request because it is not full and complete in and of itself, and contains subparts or is a compound, disjunctive or conjunctive request in violation of Code of Civil Procedure section 2033.060.

ADMISSION NO. 16: Admit ENGINE DEFECTS in the SUBJECT VEHICLE substantially impair its value.

RESPONSE NO. 16: FCA US denies this request.

FCA US otherwise objects to this request because the phrase "ENGINE DEFECTS" is vague, ambiguous and overly broad. FCA US also objects to this request because it is not full and complete in and of itself, and contains subparts or is a compound, disjunctive or conjunctive request in violation of Code of Civil Procedure section 2033.060.

ADMISSION NO. 17: Admit YOU are aware of LEAKING DEFECTS in vehicles of the same year, make, and model as the SUBJECT VEHICLE.

RESPONSE NO. 17: FCA US objects to this request because it is vague and ambiguous, and vague as to time. FCA US also objects to this request because the phrase "LEAKING DEFECTS" is vague, ambiguous and overly broad. FCA US further objects to the extent that this request seeks information regarding vehicles other than the 2016 Jeep Wrangler, VIN 1C4BJWFG4GL265641, because such information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. FCA US additionally objects to this request because it is not full and complete in and of itself, and contains subparts or is a compound, disjunctive or conjunctive request in violation of Code of Civil Procedure section 2033.060.

ADMISSION NO. 18: Admit LEAKING DEFECTS in the SUBJECT VEHICLE substantially impair its use.

RESPONSE NO. 18: FCA US denies this request.

DEFENDANT FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE

FCA US otherwise objects to this request because the phrase "LEAKING DEFECTS" is vague, ambiguous and overly broad. FCA US also objects to this request because it is not full and complete in and of itself, and contains subparts or is a compound, disjunctive or conjunctive request in violation of Code of Civil Procedure section 2033.060.

ADMISSION NO. 19: Admit LEAKING DEFECTS in the SUBJECT VEHICLE substantially impair its safety.

RESPONSE NO. 19: FCA US denies this request.

FCA US otherwise objects to this request because the phrase "LEAKING DEFECTS" is vague, ambiguous and overly broad. FCA US also objects to this request because it is not full and complete in and of itself, and contains subparts or is a compound, disjunctive or conjunctive request in violation of Code of Civil Procedure section 2033.060.

ADMISSION NO. 20: Admit LEAKING DEFECTS in the SUBJECT VEHICLE substantially impair its value.

RESPONSE NO. 20: FCA US denies this request.

FCA US otherwise objects to this request because the phrase "LEAKING DEFECTS" is vague, ambiguous and overly broad. FCA US also objects to this request because it is not full and complete in and of itself, and contains subparts or is a compound, disjunctive or conjunctive request in violation of Code of Civil Procedure section 2033.060.

ADMISSION NO. 21: Admit that prior to the filing of the complaint YOU knew that the SUBJECT VEHICLE had a defect, covered by the warranty, which substantially impaired the SUBJECT VEHICLE's use.

RESPONSE NO. 21: FCA US denies this request.

ADMISSION NO. 22: Admit that prior to the filing of the complaint YOU knew that the SUBJECT VEHICLE had a defect, covered by the warranty, which substantially impaired the

6

DEFENDANT FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE

SUBJECT VEHICLE's value.

RESPONSE NO. 22: FCA US denies this request.

ADMISSION NO. 23: Admit that prior to the filing of the complaint YOU knew that the SUBJECT VEHICLE had a defect, covered by the warranty, which substantially impaired the SUBJECT VEHICLE's safety.

RESPONSE NO. 23: FCA US denies this request.

ADMISSION NO. 24: Admit YOU failed to repair the SUBJECT VEHICLE to conform to warranty within a reasonable number of repair attempts.

RESPONSE NO. 24: FCA US denies this request.

ADMISSION NO. 25: Admit YOU failed to promptly repurchase the SUBJECT VEHICLE.

RESPONSE NO. 25: FCA US denies that it failed to promptly offer to repurchase or replace the 2016 Jeep Wrangler, VIN 1C4BJWFG4GL265641.

ADMISSION NO. 26: Admit YOU failed to promptly replace the SUBJECT VEHICLE.

RESPONSE NO. 26: FCA US denies that it failed to promptly offer to repurchase or replace the 2016 Jeep Wrangler, VIN 1C4BJWFG4GL265641.

ADMISSION NO. 27: Admit YOU failed to repurchase the SUBJECT VEHICLE prior to the commencement of this lawsuit.

RESPONSE NO. 27: FCA US refers Plaintiff to its response to Request No. 25.

ADMISSION NO. 28: Admit YOU failed to replace the SUBJECT VEHICLE prior to the commencement of this lawsuit.

RESPONSE NO. 28: FCA US refers Plaintiff to its response to Request No. 26.

ADMISSION NO. 29: Admit YOU willfully failed to repurchase the SUBJECT VEHICLE.

RESPONSE NO. 29: FCA US denies this request.

ADMISSION NO. 30: Admit YOU willfully failed to replace the SUBJECT VEHICLE.

DEFENDANT FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE

RESPONSE NO. 30:  FCA US denies this request.

ADMISSION NO. 31:  Admit YOU denied Plaintiffs' request for a repurchase or replacement of the SUBJECT VEHICLE.

RESPONSE NO. 31:  FCA US denies this request.

ADMISSION NO. 32:  Admit the SUBJECT VEHICLE qualifies for repurchase or replacement under the Song Beverly Consumer Warranty Act.

RESPONSE NO. 32:  FCA US admits that it has offered to repurchase or replace the 2016 Jeep Wrangler, VIN 1C4BJWFG4GL265641 pursuant to the Song Beverly Consumer Warranty Act.

ADMISSION NO. 33:  Admit YOU did not offer to repurchase the SUBJECT VEHICLE prior to the filing of the Complaint.

RESPONSE NO. 33:  FCA US refers Plaintiff to its response to Request No. 25.

ADMISSION NO. 34:  Admit YOU did not offer to replace the SUBJECT VEHICLE prior to the filing of the Complaint.

RESPONSE NO. 34:  FCA US refers Plaintiff to its response to Request No. 26.

ADMISSION NO. 35:  Admit that at the time of purchase by Plaintiffs, the SUBJECT VEHICLE was not fit for the ordinary purposes for which such goods are used.

RESPONSE NO. 35:  FCA US denies this request.

FCA US otherwise objects to this request because it is not full and complete in and of itself and contains subparts, or a compound, conjunctive, or disjunctive request and therefore violates CCP §2033(c)(5). FCA US further objects because this request is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

ADMISSION NO. 36:  Admit that at the time of purchase by Plaintiffs, the SUBJECT VEHICLE did not pass without objection in the trade.

RESPONSE NO. 36:  FCA US denies this request.

DEFENDANT FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE

FCA US otherwise objects to this request because it is not full and complete in and of itself and contains subparts, or a compound, conjunctive, or disjunctive request and therefore violates CCP §2033(c)(5). FCA US further objects because this request is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

ADMISSION NO. 37: Admit that YOU failed to provide YOUR authorized repair facilities with adequate information regarding ENGINE DEFECTS to allow them to repair the SUBJECT VEHICLE so as to conform it to YOUR warranty.

RESPONSE NO. 37: FCA US denies this request.

FCA US otherwise objects to this request because it is vague, ambiguous, overly broad, unduly burdensome, lacks foundation, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. FCA US also objects to this request because the phrase "adequate information" is vague, ambiguous and undefined.

ADMISSION NO. 38: Admit that YOU failed to provide YOUR authorized repair facilities with adequate information regarding LEAKING DEFECTS to allow them to repair the SUBJECT VEHICLE so as to conform it to YOUR warranty.

RESPONSE NO. 38: FCA US denies this request.

FCA US otherwise objects to this request because it is vague, ambiguous, overly broad, unduly burdensome, lacks foundation, and seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. FCA US also objects to this request because the phrase "adequate information" is vague, ambiguous and undefined. FCA US further objects to this request because it is vague and ambiguous, and vague as to time. FCA US also objects to this request because the phrase "LEAKING DEFECTS" is vague, ambiguous and overly broad.

ADMISSION NO. 39: Admit YOU are unable to permanently repair the ENGINE DEFECTS in FCA VEHICLES.

9

DEFENDANT FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE

RESPONSE NO. 39:  FCA US denies this request.

FCA US otherwise objects to this request because the phrase "ENGINE DEFECTS" is vague, ambiguous, not relevant, and overly broad.  FCA US further objects because this request is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

ADMISSION NO. 40:  Admit YOU are unable to permanently repair the LEAKING DEFECTS in FCA VEHICLES.

RESPONSE NO. 40:  FCA US denies this request.

FCA US otherwise objects to this request because the phrase "LEAKING DEFECTS" is vague, ambiguous, not relevant, and overly broad.  FCA US further objects because this request is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

ADMISSION NO. 41:  Admit YOU knew prior to the filing of the Complaint that the repairs performed on the SUBJECT VEHICLE were ineffective.

RESPONSE NO. 41:  FCA US denies this request.

FCA US otherwise objects because this request is cumulative a duplicative, and has been propounded for an improper purpose.  FCA US further objects because the term "ineffective" is vague, ambiguous and undefined.

ADMISSION NO. 42:  Admit that you breached the Implied Warranty of Merchantability with respect to the SUBJECT VEHICLE at the time of sale.

RESPONSE NO. 42:  FCA US denies this request.

FCA US otherwise objects to this request because it is not full and complete in and of itself and contains subparts, or a compound, conjunctive, or disjunctive request and therefore violates CCP §2033(c)(5).  FCA US further objects because this request is not relevant to the subject matter of this

10

litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

Dated:  October 22, 2018                              **CLARK HILL LLP**


                                          By: _____
                                               Lynn R. Levitan
                                               Michelle J. Droeger

                                               Attorneys for Defendants
                                               FCA US LLC

DEFENDANT FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE

**CERTIFICATE OF SERVICE**
*Maria De Lourdes Luna, et al. v. FCA US LLC, et al.*
United States District Court for the Central District of California
Case No. 2:17-cv-08272-ODW-RAO

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California 90017.

On October 22, 2018, I served the foregoing document(s) described as:

**DEFENDANT FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE**

on the parties in this action by placing

☐ the original of the document(s)      ☒ true copies of the document(s)

in separate sealed envelopes addressed to the following party(ies) in this matter at the following address(es):

| | |
|---|---|
| Victoria Shin, Esq.<br>Christine Haw, Esq.<br>Caitlin J. Scott, Esq.<br>**STRATEGIC LEGAL PRACTICES, APC**<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067<br>T: 310-929-4900<br>F: 310-943-3838<br>vshin@slpattorney.com | *Attorneys for Plaintiff* **MARIA DE LOURDES LUNA and KAREN CANO** |

☒  **BY U.S. MAIL:** I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith. I am readily familiar with Clark Hill's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐  **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the above-named persons at the addresses exhibited therewith. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒  **BY FACSIMILE:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the above-named persons at the fax numbers exhibited therewith. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

DEFENDANT FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE

☐ **BY PERSONAL SERVICE:** I caused the above document to be personally served to the above-named persons at the addresses exhibited therewith. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the above-named persons at the e-mail addresses exhibited therewith. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY CM/ECF:** The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

Executed on October 22, 2018, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

MERCEDE GUILLORY

---

13

DEFENDANT FCA US LLC'S RESPONSE TO PLAINTIFFS' REQUESTS FOR ADMISSIONS TO DEFENDANT, SET ONE