CLARK HILL LLP
Lynn R. Levitan (SBN 176737)
llevitan@ClarkHill.com
Michelle J. Droeger (SBN 151384)
mdroeger@ClarkHill.com

1055 West Seventh Street, Suite 2400
Los Angeles, CA 90017
Telephone:   (213) 891-9100
Facsimile:   (213) 488-1178

Attorneys for Defendant FCA US LLC

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DE LOURDES LUNA and KAREN CANO<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-08272-ODW-RAO<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF MICHELLE J. DROEGER IN SUPPORT THEREOF**<br><br>Date:   March 18, 2019<br>Time:   3:00 p.m.<br>Judge: Hon. Otis D. Wright II<br>Dept.:   5D |

**TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF   RECORD:**

Defendant FCA US LLC (hereinafter "Defendant") hereby opposes Plaintiffs MARIA DE LOURDES LUNA and KAREN CANO (hereinafter "Plaintiffs") Motion *in Limine* No. 1, to exclude evidence or argument contrary to matters deemed admitted.

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1**

This Opposition is based upon the complete files and records in this action, the following Memorandum of Points and Authorities, the Declaration of Michelle J. Droeger, and any documentary and/or oral evidence as may be presented at the time of the hearing of the Motion.

Respectfully submitted,

Dated:  March 11, 2019            CLARK HILL LLP


By:  /s/Michelle J. Droeger
                        Lynn R. Levitan
                        Michelle J. Droeger

Attorneys for Defendant FCA US LLC

2

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant opposes Plaintiffs' Motion *in Limine* No. 1 to prohibit evidence contrary to matters deemed admitted, and requests the Court order the admissions withdrawn and instead substitute FCA's responses to the requests for admissions served by Plaintiffs. Plaintiffs' counsel chose to rely on a highly technical interpretation of Rule 36(A) in asserting that Defendant has admitted all of the Requests for Admission

Defendant learned that Plaintiffs had propounded written discovery, with improper service, on Defendant only after a meet and confer letter was sent. Defendant's counsel never received the originals, and only received an alleged duplicate the day that Plaintiffs emailed the requests to Defendant. Defendant requested these discovery requests be sent and immediately provided responses. Defendant made some admissions and denied others, specifically those relating to central elements of Plaintiffs' claims. Defendant respectfully requests that this court deny Plaintiffs' Motion *in Limine* No. 1, and allow Defendant's Responses to the Requests for Admissions, served on October 22, 2019, to be its responses to the requests.

## II. FACTUAL HISTORY

On October 2, 2018, six days before the discovery cut off, Defendant received a letter from Plaintiffs' counsel indicating that Defendant had not responded to Plaintiffs' discovery requests, which were purportedly propounded on February 8, 2018. The letter indicated that the requests included: Notice of Deposition of the PMK for FCA along with written discovery (See Michelle J. Droeger's Declaration ("Droeger Decl."), para. 3.) The receipt of this letter was the first time counsel for Defendant learned of Plaintiffs' discovery requests and counsel reached out to Plaintiffs' asking that the discovery requests be sent. (See

3

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1**

Droeger Decl. para. 3.) Upon receipt the return Proof of Service did not contain the name of the attorneys of record but merely indicated "Clark Hill" under the section "Party Served." (See Droeger Decl. para. 6.) Defendant provided responses on October 22, 2018, which were accompanied with verifications from the Senior Staff Counsel of Defendant. (See Droeger Declaration Exhibit A.)

Defendant's counsel included her "electronic signature" on Defendants' October 22, 2018 responses. However, due to a technological glitch, when her legal secretary printed the documents from Microsoft Word, the electronic signature failed to appear on the printed document. Electronic signatures do not print from Word but only from a PDF version of the document. The version of the Response to the Request for Admissions in Clark Hill's computer system has an electronic signature. (See the Declaration of Mercede P. Guillory, para.3.)

## III. LEGAL ARGUMENT

### A. Plaintiffs Failed to Properly Serve Defendant

Rule 5 (b) states that service is accomplished by "leaving [papers]…at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office." The purpose of the rule is to provide a party with adequate notice. While leaving papers at a person's office, with a person in charge is an adequate means of providing notice, it should clearly be labeled to identify the attorney being served. Here, the return proof of service indicates that the party served was "Clark Hill." There would be no way to identify who the papers are intended for if the proof of service is not clearly labeled. Therefore, this Court should find that Plaintiffs failed to properly serve Defendant on February 8, 2018.

### B. Alternatively, Defendant's October 22, 2018 Response Should Be Treated as an Amendment to Matters Deemed Admitted by Operation of Law

Rule 36 (a)(3) states that a matter is deemed admitted if a party fails to provide a response to a request for admission within 30 days. However, Rule 36

4

(b) states that the court may permit withdrawal or amendment of matters deemed admitted pursuant to Rule 36(a), "…if it would promote the presentation of the merits of the action and if it would [not] prejudice the requesting party in maintaining or defending the action on the merits."

Several courts have held that a late response to a request for admissions can serve as an amendment to such admissions. *See French v. United States*, 416 F.2d 1149, 1152 (9th Cir. 1968) (" A trial judge has discretion to permit a late response to a request for admissions made pursuant to Rule 36 F.R.Civ.P., and thus relieve a party of apparent default"); *United States v. Cannon*, 363 F. Supp. 1045 (D. Del. 1973) ("Late response to request for admissions would be treated as an amendment to admissions which were made by operation of law on expiration of 30-day period following service of request"); *Herrin v. Blackman*, W.D.Tenn.1981, 89 F.R.D. 622 ("When presentation of merits will be served by late response to request for admissions and when no prejudice will accrue to party who had requested admission, late response should be allowed.")

   *1. An Amendment Will Allow for Presentation of the Merits*

The matters admitted by operation of law are plainly contested by Defendant's answer and October 22, 2018 responses, and should therefore be presented on its merits. Otherwise, Defendant will be severely prejudiced in trying liability in this case.  The Advisory Committee Notes explains that the purpose of Rule 36 "is to ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial." Therefore, "when the issues going to the merits are contested and the late response does not cause delay of a trial or prejudice to a litigant, there is no reason to refuse a late filing." *Herrin, supra,* 89 F.R.D. 622, 624 (W.D. Tenn. 1981); French v. United States, 416 F.2d 1149, 1152 (9th Cir. 1968).  Rule 36 is not being used to streamline the case more quickly toward resolution.  Rather, Plaintiffs are attempting to promote a technical

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1**

interpretation of Rule 36 to avoid litigating the essential elements of its case. The following specific Requests for Admissions ("RFAs") establish the elements of Plaintiffs' causes of action, which were expressly denied in Defendant's answer and discovery responses: RFAs No. 9, 10, 13-31,33-42. (See Exhibit to Plaintiffs' Motion *in Limine* #1.) As such, at a minimum, these matters are contested and should be litigated on the merits.

### 2. *Plaintiffs' Will Not Be Prejudiced by Allowing the October 22, 2018 Responses to Be Deemed Admitted*

"The party relying on the deemed admission has the burden of proving prejudice." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Such prejudice "relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id.* In *Hadley v. United States*, the defendant failed to respond to requests for admissions within 30 days, and filed a motion to withdraw the admitted matters *one week* before the pretrial conference. *Hadley v. United States*, 45 F.3d 1345, 1347 (9th Cir. 1995). The 9th circuit found that the district court's denial of defendant's motion "effectively disposed of all the issues in the underlying action" because the deemed admissions concerned and established the ultimate issues of the case. *Id.* at 1347–48. There, the plaintiff argued that its case would be prejudiced because they limited the scope of their deposition of defendant based on the admissions; and, had responses been timely, they "would have had the opportunity to engage in much more extensive trial preparation." *Hadley*, 45 F.3d at 1349. However, the court found that "the inconvenience the [plaintiffs] may have suffered by the withdrawal of the admissions did not rise to a level of prejudice..." *Id.*

In *Schendzielos v. Borenstein*, the plaintiff similarly "elected to proceed upon the [a]dmissions." There, the Court held that "Plaintiff opts to rely on a

---

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1**

highly technical and arguably nitpicky application of Rule 36(a) rather than to earnestly prepare to litigate the merits of his case…[a]s the admissions in question go to the central elements of the claim, this is not the type of situation where a plaintiff could be surprised to suddenly encounter significant difficulty in proving his case at trial" *Schendzielos v. Borenstein*, No. 15-CV-00564-RBJ, 2016 WL 614473, at 5 (D. Colo. Feb. 16, 2016.)  Further, there cannot be a good faith reliance on matters deemed admitted where a party has been informed at some earlier point that the admission would be denied. *Perez v. Miami-Dade Cty*., 297 F.3d 1255, 1267 (11th Cir. 2002). In *Perez v. Miami-Dade Cty*., the Court of Appeals held that where the matters admitted conclusively established the elements of Plaintiff's claim, Plaintiff could not have been prejudiced by his failure to prepare to prove many of the elements of the case based on defendants' denial in their answer, and their indication that they would continue to contest his core allegations. *Id*. at 1267.

The length of delay in making a withdrawal or amendment is not the relevant inquiry. *See Perez v. Miami-Dade Cty*., at 1268 ("[A]t the time the defendants requested the withdrawal, a trial on the merits had not yet begun; the district court could have simply extended the discovery deadlines…to enable [Plaintiff] to prove his case"); *Hatton v. Chem-Haulers, Inc*., 393 So. 2d 950, 953 (Ala. 1980) ("A ten-day failure may, indeed, cause a delay which works to the prejudice of the requesting party. On the other hand, a ten-month failure may result in no prejudice at all"); *Hadley*, 45 F.3d at 1348 ("Courts are more likely to find prejudice when the motion for withdrawal is made in the middle of trial.) In fact, at least one court has allowed an amendment of admissions after trial had begun, where no prejudice was found. *See Warren v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am*., 544 F.2d 334, 340 (8th Cir. 1976).

7

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1**

Plaintiffs suggest that they will be prejudiced by the withdrawal of the matters deemed admitted because "Plaintiffs did not designate an expert; did not deem it necessary to conduct a Rule 30(b)(6) deposition of Defendant's corporate representative; and did not file a motion to compel responses to Defendant's written discovery." However, as discussed above, many of the admissions go to the central elements of the claim. Preparing to litigate the central elements of a claim is not something that can be perceived as a "sudden surprise." The fact that trial is set for April 2, 2019, does not preclude this court from allowing Defendant the opportunity to amend its admissions. Plaintiffs' suggested use of Rule 36 is not being used to streamline the case more quickly toward resolution but to avoid litigating the essential elements of its case. This court has the discretion to allow the case to be tried on its merits. As discussed above, Plaintiffs will not be prejudiced. Alternatively, Defendant will be severely prejudiced. Therefore, Defendant respectfully requests that this court deem the matters amended to reflect the October 22, 2018 responses.

    C. <u>Defendant's October 22, 2018 Responses Were Signed by the Client and Attorney</u>

Rule 36(a)(3) requires that a written answer or objection to a request for admission be "signed by the party or its attorney." Here, Defendant provided responses on October 22, 2018, which were accompanied with verifications that contained the signature of the Senior Staff Counsel of Defendant, whom is also authorized to verify responses. Therefore, the October 22, 2018 responses were sufficient according to Rule 36.

///

///

///

8

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1**

## IV. CONCLUSION

For the foregoing reasons, this Court should permit Defendant to amend admissions deemed admitted by operation of law, and deny Plaintiff's Motion *in Limine* No. 1.

Respectfully submitted,

Dated:  March 11, 2019          CLARK HILL LLP


By:  */s/Michelle J. Droeger*
                    Lynn R. Levitan
                    Michelle J. Droeger

Attorneys for Defendant FCA US LLC


CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, I filed the foregoing document entitled

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1;**

**MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF MICHELLE J. DROEGER IN SUPPORT THEREOF**

With the clerk of the court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/s/ Michelle J. Droeger

9

---

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1**

## DECLARATION OF MICHELLE J. DROEGER

I, Michelle J. Droeger, declare:

1.      I am an attorney with the law firm of Clark Hill LLP, counsel for Defendant FCA US, LLC ("Defendant".)

2.      I have personal knowledge of the matters set forth herein, and if called as a witness in this matter, I could and would competently testify thereto. This Declaration is being submitted in support of Defendant's Opposition to Plaintiff's Motion *in Limine* No. 1.

3.      On October 2, 2018, I received correspondence via letter from Ms. Caitlin J. Scott regarding unanswered discovery requests. This letter was the first time I was informed of any discovery requests served upon Defendant.  A copy is attached hereto as Exhibit A.

4.      The October 2, 2018 correspondence was the only attempt I received from Ms. Scott, or anyone at her firm, regarding Defendant's discovery responses.

5.      On that same day, I contacted Ms. Scott to inform her that I had not received any discovery requests, and requested that the discovery be re-sent.

6.      Ms. Scott emailed to me the discovery requests purportedly served on "Clark Hill" on October 22, 2019. The Proof of Service lists "Clark Hill" as the party being served. Victor Martinez is an employee at Clark Hill and accepted service. He was listed under "Person Served" as the person in charge. However, due to the failure to label the attorneys being served, the original requests were not routed to either Lynn Levitan or me.

7.      On October 22, 2018, I prepared responses to Plaintiffs' Requests for Admissions, Set One; Plaintiffs' Interrogatories to Defendant, Set One; and, Plaintiffs' Requests for Production of Documents to Defendant, Set One. I instructed my legal secretary to insert my electronic signature and prepare the documents to send out immediately. My legal secretary did so, but a technological

10

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1**

glitch occurred when she attempted to print directly from Microsoft Word. As a result, the responses that were printed and sent on October 22, 2018, did not contain my signature.

8.    On October 31, 2018, our office supplied Defendant's October 25, 2018 signed verifications. The verifications were signed by Senior Staff Counsel for Defendant, Kris W. Krueger. A copy is attached hereto as Exhibit A.

9.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on the 11th day of March, 2019 in Los Angeles, California.

*/s/Michelle J. Droeger*
Michelle J. Droeger

11

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1**

**CERTIFICATE OF SERVICE**
*Maria De Lourdes Luna, et al. v. FCA US LLC, et al.*
United States District Court for the Central District of California
Case No. 2:17-cv-08272-ODW-RAO

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California 90017.

On March 11, 2019, I served the foregoing document(s) described as:

**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE #1; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF MICHELLE J. DROEGER IN SUPPORT THEREOF**

on the parties in this action by placing

☐   the original of the document(s)      ☒   true copies of the document(s)

in separate sealed envelopes addressed to the following party(ies) in this matter at the following address(es):

| | |
|---|---|
| Christine Haw, Esq.<br>Caitlin J. Scott, Esq.<br>Anthony Ross, Esq.<br>**STRATEGIC LEGAL PRACTICES, APC**<br>1840 Century Park East, Suite 430<br>Los Angeles, CA 90067<br>T: 310-929-4900<br>F: 310-943-3838<br>vshin@slpattorney.com | *Attorneys for Plaintiff* **MARIA DE LOURDES LUNA and KAREN CANO** |

☐      **BY U.S. MAIL:**  I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith. I am readily familiar with Clark Hill's practice of collection and processing correspondence for mailing.  Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐      **BY OVERNIGHT DELIVERY:**  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the above-named persons at the addresses exhibited therewith.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐      **BY FACSIMILE:**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the above-named persons at the fax numbers exhibited therewith.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached.

1

**PROOF OF SERVICE**

☐ **BY PERSONAL SERVICE:**  I caused the above document to be personally served to the above-named persons at the addresses exhibited therewith. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office.  (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the above-named persons at the e-mail addresses exhibited therewith.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF:**  The document was electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

Executed on March 11, 2019, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
MERCEDE GUILLORY

2
**PROOF OF SERVICE**