# EXHIBIT 1

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 02/27/14 | | DEPT. 28 |
|---|---|---|
| HONORABLE YVETTE M. PALAZUELOS   JUDGE | N. RAYA | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| V. SOLIS/C.A.   Deputy Sheriff | GAIL PEEPLES, CSR 11458 CRT. REPORTER PRO TEMPORE   Reporter | |

| #8:45 am | BC466626 | Plaintiff   PAYAN SHAHIAN Counsel   NEIL GIELEGHEM |
|---|---|---|
| | BEHNAM KHANI VS FORD MOTOR COMPANY ET AL | Defendant Counsel   MARY LYN ARENS |
| | PLTF. 170.6 DAU | |

**NATURE OF PROCEEDINGS:**

CASE MANAGEMENT CONFERENCE

MOTION ON BEHALF OF PLAINTIFF, BEHNAM KHANI, FOR ATTORNEY'S FEES, COSTS AND EXPENSES;

The Order Appointing Court Approved Reporter as Official Reporter Pro Tempore is signed and filed this date.

The matters are called for hearing.

Counsel read the court's tentative ruling.

The court's tentative ruling, filed this date, is adopted as the final ruling of the court and incorporated herein by reference to the case file.

Plaintiff's Motion for Attorney Fees and Costs is GRANTED.

Defendant Ford Motor Company shall pay Plaintiff attorney fees in the amount $403,369.63 and costs $5,839.63.

Plaintiff's Request for Judicial Notice of Exhibit 1 to this Motion is GRANTED, but DENIED as to Exhibits 2 and 3.

Plaintiff's Request for Judicial Notice of Exhibits

Page   1 of   2   DEPT. 28

MINUTES ENTERED
02/27/14
COUNTY CLERK

**RAMOS   0046**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 02/27/14 | | DEPT. 28 |
|---|---|---|
| HONORABLE YVETTE M. PALAZUELOS    JUDGE | N. RAYA | DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| | GAIL PEEPLES, CSR 11458 | |
| V. SOLIS/C.A.    Deputy Sheriff | CRT. REPORTER PRO TEMPORE    Reporter | |

| #8:45 am | BC466626 | Plaintiff | PAYAN SHAHIAN |
|---|---|---|---|
| | | Counsel | NEIL GIELEGHEM |
| | BEHNAM KHANI | | |
| | VS | Defendant | |
| | FORD MOTOR COMPANY ET AL | Counsel | MARY LYN ARENS |
| | PLTF. 170.6 DAU | | |

**NATURE OF PROCEEDINGS:**

attached to his Reply is DENIED.

Defendant's Request for Judicial Notice is DENIED.

Plaintiff's Evidentiary Objections are OVERRULED.

Defendant's Evidentiary Objecitons are OVERRULED.

The Case Management Conference is placed off calendar.

Moving party shall give notice.

Page    2 of    2    DEPT. 28

MINUTES ENTERED
02/27/14
COUNTY CLERK

RAMOS    0047

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| BEHNAM KHANI, | ) Case No.: BC466626 |
| | ) |
| Plaintiff, | ) |
| | ) [TENTATIVE] |
| vs. | ) |
| | ) |
| FORD MOTOR COMPANY, et al., | ) RULINGS/ORDERS |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

Plaintiff's Motion for Attorney Fees and Costs is GRANTED.

Defendant Ford Motor Company shall pay Plaintiff attorney fees in the amount of \$403,369.63 and costs of \$5,839.63.

Plaintiff's Request for Judicial Notice of Exhibit 1 to his Motion is GRANTED, but DENIED as to Exhibits 2 and 3.

Plaintiff's Request for Judicial Notice of Exhibits attached to his Reply is DENIED.

-1-

RAMOS    0048

Defendant's Request for Judicial Notice is DENIED.

Plaintiff's Evidentiary Objections are OVERRULED.

Defendant's Evidentiary Objections are OVERRULED.

I.

INTRODUCTION

Plaintiff Behnam Khani commenced action against Defendants Ford Motor Company; Galpin Motors, Inc.; and Does 1 through 30, alleging causes of action for: (1) violation of Civil Code §1793.2 subs. (d); (2) violation of Civil Code §1793.2 subs. (b); (3) violation of Civil Code §1793.2 subs. (a)(3); (4) breach of express written warranty; and (5) breach of the implied warranty of habitability. Plaintiff alleged that he leased a vehicle that contained or developed defects.

Defendants moved to disqualify Plaintiff's counsel on the basis that counsel had once represented Ford in Lemon Law cases. The trial court disqualified counsel, and Plaintiff appealed. The Second District Court of Appeal overturned the trial court's ruling. Defendants then filed a de-publication request with the California Supreme Court, which denied de-publication. Defendants then settled with Plaintiff for $65,000.

Plaintiff moves for attorney fees and costs. Plaintiff argues that counsel is entitled to $403,369.63, which includes a multiplier of 1.5. Plaintiff argues that Defendants turned this case into a precedent-setting dispute about attorney

-2-

RAMOS   0049

disqualification.  Plaintiff argues that the fees and costs are reasonable, given Ford's unfounded accusations of ethical breach.  Plaintiff argues that the published Court of Appeals opinion has benefited consumers and attorneys who are similarly situated to Plaintiff and Plaintiff's counsel.

Defendant opposes the motion on seven grounds:

• Ford offered to repurchase the vehicle on July 18, 2012, and thus all hours incurred beyond Ford's offer should be excluded.

• Almost all of the hours incurred by Plaintiff's counsel relate to the disqualification issue, which is counsel's cost of doing business, and should not be shifted to Defendants, as it did not relate to prosecution of Plaintiff's claim.

• The number of hours billed is excessive.

• The hourly rates are too high.

• The requested multiplier is improper.  Defendant argues that Plaintiff's success on appeal has no relevance to Plaintiff's claim against Defendants, and is not an appropriate factor for consideration of a multiplier.

• The evidence supporting counsel's requested hourly rates is irrelevant or inadmissible.

In reply, Plaintiff argues that he appealed the disqualification ruling to protect his right to his counsel of

-3-

RAMOS   0050

choice and that he may recover all fees, including those incurred from appeal.  Ford did not communicate a settlement offer to Plaintiff on July 18, 2012, and that any such offer was materially less than the recovery to which he was entitled under the Song-Beverly Act, and materially less than Plaintiff ultimately obtained via the post-appeal settlement.  Plaintiff argues that counsel's rates are reasonable and "below market" for Los Angeles County.  Plaintiff argues that Ford waived any argument that Plaintiff's appellate hours are unreasonable and that the multiplier is reasonable.

II.

DISCUSSION

CCP §§1032 and 1033.5 provide that a prevailing party may recover its costs as a matter of right, and that those costs may include attorneys' fees when authorized by statute or contract. Civ. Code §1717 governs contractual attorneys' fees, and provides that:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

> (b)(1) The Court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section…the party

-4-

**RAMOS   0051**

> prevailing on the contract shall be the party who recovered a greater relief in the action.

As to attorney fees where claims are on the contract, and Civil Code §1717 applies, in determining the prevailing party, trial courts may consider all factors reasonably indicating success in the litigation, but may not abuse their discretion and deny fees arbitrarily as to a clearly prevailing party. Sears v. Baccaglio (1998) 60 Cal.App.4th 1136, 1149, 1155, 1158. A court abuses its discretion by denying fees where the party obtained a "'simple, unqualified win,'" and the results were not mixed. Pac. Custom Pools v. Turner Constr. Co. (2000) 79 Cal.App.4th 1254, 1268-1271 (quoting Hsu v. Abbara (1995) 9 Cal.4th 863, 876). Accord Otay River Constructors v. San Diego Expressway (2008) 158 Cal.App.4th 796, 807.

"[T]he fee setting inquiry in California [including Civil Code section 1717 fees] ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." Steiner v. Thexton (2008) 163 Cal.App.4th 359, 381 (citations omitted). Under this approach, a base amount is calculated from a compilation of time reasonably spent and reasonable hourly compensation of each attorney. Serrano v. Priest (1977) 20 Cal.3d 25, 48; Serrano v. Unruh (1982) 32 Cal.3d 621, 639. In setting the hourly rate for an attorney fees award, courts are entitled to consider the rate

-5-

RAMOS  0052

of "'fees customarily charged by that attorney and others in the community for similar work.'" Bihun v. AT&T Information Systems, Inc. (1993) 13 Cal.App.4th 976, 997 (affirming rate of $450 per hour), overruled on other grounds by Lakin v. Watkins Associated Indus. (1993) 6 Cal.4th 644, 664.

Parties opposing motions for attorneys' fees fail to show any abuse of discretion where they merely contend that amounts of attorneys' fees are excessive without providing an analysis or factual support. Maughan v. Google Technology, Inc. (2006) 143 Cal.App.4th 1242, 1250; Avikian v. Wtc Fin. Corp. (2002) 98 Cal.App.4th 1108, 1119; Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association (2008) 163 Cal.App.4th 550, 560 (emphasizing that opposing parties "submitted no evidence that the hours claimed by counsel were excessive," and declining to "declare as a matter of law that the hours were unreasonable"); Villanueva v. City of Colton (2008) 160 Cal.App.4th 1188, 1204 (opposing party "offered no evidence of any kind which might have warranted a reduced fee award.")

Defendants conceded that Plaintiff is the prevailing party. Shahian Decl. Exh. 8. Pursuant to the settlement, Defendant Ford agreed to pay Plaintiff and his attorneys reasonable attorneys' fees, costs, and expenses. Furthermore, Plaintiff argues that an award of attorneys' fees and costs is mandatory,

-6-

RAMOS  0053

as Plaintiff is the prevailing party in this Lemon Law case. Civil Code §1794 subs. (d) provides that "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

Thus, the sole question is whether the requested fees are reasonable. Plaintiff argues that counsel is entitled to $403,369.63, which includes a multiplier of 1.5. Plaintiff argues that Defendants turned this case into a precedent-setting dispute about attorney disqualification, and that Plaintiff was forced to seek relief from both the trial and appellate courts. Plaintiff argues that he had to retain new counsel for the post-disqualification proceedings, in part because Ford refused to deal with his original counsel, Shahian.

Plaintiff argues that the fees and costs are reasonable, given Ford's unfounded accusations of ethical breach. Plaintiff argues that the award is consistent with those in equivalent cases. Plaintiff argues that the published Court of Appeals opinion – which found in favor of Plaintiff 3-0 – has benefited consumers and attorneys who are similarly situated to Plaintiff and Plaintiff's counsel. Plaintiff points out that the Court of

-7-

RAMOS   0054

Appeals decision gained widespread attention and commentary. Appendix of Publicized References to Khani Decision.

The requested hourly rates for the attorneys who worked on the case range from $325 to $650. The total hours expended is detailed in Shahian Decl. Exh. 11, and Gieleghem Decl., Exh. 12. Plaintiff requests costs of $5,839.63.

Defendant opposes the motion on seven grounds:

• Ford offered to repurchase the vehicle on July 18, 2012, and thus all hours incurred beyond Ford's offer should be excluded.

• Almost all of the hours incurred by Plaintiff's counsel relate to the disqualification issue, which is counsel's cost of doing business, and should not be shifted to Defendants, as it did not relate to prosecution of Plaintiff's claim.

• The number of hours billed is excessive.

• The hourly rates are too high.

• The requested multiplier is improper. Defendant argues that Plaintiff's success on appeal has no relevance to Plaintiff's claim against Defendants, and is not an appropriate factor for consideration of a multiplier.

• The evidence supporting counsel's requested hourly rates is irrelevant or inadmissible.

RAMOS   0055

Defendant first argues that Plaintiff can only recover for the Song-Beverly allegations. Defendant argues that on July 18, 2012, it notified Plaintiff's counsel that it would agree to a statutory repurchase of the subject vehicle and would reserve the issue of attorneys' fees for hearing if a settlement could not be reached. Arens Decl. ¶6. Defendant argues that Plaintiff's counsel Neil Gieleghem told defense counsel that, due to the possibility that Shahian might lose standing to prosecute the appeal if the underlying action was settled, Plaintiff would not agree to a settlement at that time. Arens Decl. ¶7. Defendant thus argues that Plaintiff misleads the court when it states that Defendant only agreed to settle after de-publication was denied. Defendant argues that despite Defendant's offer to settle, Plaintiff's counsel prosecuted the appeal, billing 317.1 hours after July 18, 2012, all of which could have been avoided had counsel permitted Defendant to settle the lawsuit. Defendant argues that these hours account for $154,413.50 in billable time. Defendant argues that Plaintiff's counsel are billing for 534.7 hours for the disqualification and appeal, compared to just 18 hours for prosecution of the Song-Beverly claim.

In reply, Plaintiff argues that Ford did not make an offer to repurchase. Plaintiff argues that, at most, Defendant raised the possibility of a repurchase. Plaintiff argues that, even

-9-

RAMOS   0056

under this possibility, Defendant refused to agree that Plaintiff was the prevailing party for the purpose of a fee and cost award, and refused to compensate Plaintiff for any of the fees and costs he had already incurred. Plaintiff argues that Defendant did not make a CCP §998 offer of compromise.

Defendant fails to provide sufficient evidence to demonstrate that it made a firm offer to Plaintiff on July 18, 2012, such that Plaintiff should not be entitled to fees and costs after that date. In her declaration, Mary Lynn Arens states that on July 18, 2012, she "advised Attorney Gieleghem that Ford was offering a statutory repurchase of the subject vehicle." She further states that she advised Gieleghem that Ford would agree to allow the court to determine the issue of attorneys' fees by motion is an agreement that could not be reached. Arens Decl. ¶6.

Thus, it is reasonable to consider fees after July 18, 2012. Furthermore, Ford does not offer authority to support its contention that Plaintiff is not entitled to fees related to the disqualification. Plaintiff argues that both Plaintiff and Shahian filed notices of appeal – contrary to Defendant's suggestion that just Shahian appealed the court's ruling. Plaintiff argues that he filed his appeal to protect his right to his counsel of choice – of which he argues that Ford attempted to deprive him by filing a tactically motivated motion

-10-

RAMOS    0057

more than four months into the litigation.  In support of his position, Plaintiff points to Adams v. Aerojet-General Corp. (2001) 86 Cal.App.4th 1324, 1339-1340, in which the Court held that:  "Our courts have recognized that disqualification usually imposes a substantial hardship on the attorney's innocent client, who has been deprived of chosen counsel and must bear the monetary expense and other burdens associated with finding a replacement.  (Smith, Smith & Kring v. Superior Court (1997) 60 Cal. App. 4th 573, 581, citing Gregori v. Bank of America (1989) 207 Cal. App. 3d 291, 300.)  "Additionally, as courts are increasingly aware, motions to disqualify counsel often pose the very threat to the integrity of the judicial process that they purport to prevent.  [Citation.]  Such motions can be misused to harass opposing counsel [citation], to delay the litigation [citation], or to intimidate an adversary into accepting settlement on terms that would not otherwise be acceptable. [Citations.]  In short, it is widely understood by judges that 'attorneys now commonly use disqualification motions for purely strategic purposes . . . .'"  Defendant has not sufficiently explained why Plaintiff should not be entitled to fees and costs related to the disqualification motion.  Defendant filed the motion.  Plaintiff had a right to appeal the decision and protect his right to counsel.

-11-

RAMOS   0058

The next question is whether the rates and hours expended are reasonable. As described above, the requested hourly rates for the attorneys who worked on the case range from $325 to $650. The total hours expended is detailed in Shahian Decl. Exh. 11, and Gieleghem Decl. Exh. 12. Shahian reports total hours of 460.2, while Gieleghem reports total hours of 94.1. The total amount of attorneys' fees incurred to date is $265,020 ($205,870 from Shahian's office, and $59,150 from Gieleghem's). Shahian Decl. ¶33.

Plaintiff's counsel provides declarations regarding the experience levels and backgrounds of the five attorneys who worked on this action. Shahian requests $495 an hour; Christopher Swanson requests $325 an hour; Ramtin Shahian requests $325 an hour; Gregory Yu requests $445 an hour; and Neil Gieleghem requests $650 an hour. Shahian Decl. ¶¶29-31. Gieleghem Decl. ¶¶4-5. They also provide evidence that the hourly rates are reasonable given the prevailing rates in the area. Shahian Decl. ¶¶29-31. Gieleghem Decl. ¶4. Shatz Decl. ¶¶2-3. The rates requested are reasonable. Furthermore, given the complexity of the litigation – due to the disqualification motion and the subsequent appeals – the hours expended in litigation are reasonable.

Plaintiff requests a multiplier of 1.5. Defendant argues that the multiplier is not reasonable. However, Plaintiff

-12-

RAMOS    0059

argues that Defendant's argument is simply premised on its claim that Plaintiff's fees are "too high." Defendant attempted to disqualify Shahian because he had once represented Ford in Lemon Law cases. Plaintiff argues that the appeal vindicated the rights not only of Plaintiff, but of other similarly situated consumers' right to their choice of counsel. Plaintiff further argues that the risk of non-recovery was high. Plaintiff provides evidence that it engaged Gieleghem as counsel to help with the appeal. In a declaration, Benjami Shatz – the co-chair of the appellate practice group at Manatt, Phelps & Phillips, LLP – states that the published opinion that was entered in this action "was of public benefit, to both clients seeking to retain counsel in matters involving former clients of said counsel, and to those counsel. Among other things, Khani resolves the issue of whether an attorney can undertake a successive representation of a client when that retention involves the same type of claim, and/or the same general area of the law, as presented in the attorney's prior representation of a different client whose interests are adverse to the successor client." Shatz Decl. ¶4. Plaintiff also cites numerous articles and authorities citing the published decision. The Court finds that a multiplier of 1.5 is appropriate.

Plaintiff further requests litigation costs of $5,839.63. Shahian Decl. Exh. 11, and Gieleghem Decl. Exh. 12. Defendant

-13-

RAMOS   0060

argues that Plaintiff should only be able to recover costs related to the trial court action.  However, the court has already addressed this argument, which is without merit.

III.

CONCLUSION

Based upon the foregoing, the court orders that:

1) Plaintiff's Motion for Attorney Fees and Costs is GRANTED.

2) Defendant Ford Motor Company shall pay Plaintiff attorney fees in the amount of $403,369.63 and costs of $5,839.63.

3) Plaintiff's Request for Judicial Notice of Exhibit 1 to his Motion is GRANTED, but DENIED as to Exhibits 2 and 3.

4) Plaintiff's Request for Judicial Notice of Exhibits attached to his Reply is DENIED.

5) Defendant's Request for Judicial Notice is DENIED.

6) Plaintiff's Evidentiary Objections are OVERRULED.

7) Defendant's Evidentiary Objections are OVERRULED.

MOVING PARTY TO GIVE NOTICE TO ALL PARTIES.

NON-COMPLIANCE WITH ANY ORDER HEREIN SHALL EXPOSE THE NON-COMPLIANT PARTY AND/OR COUNSEL TO ANY SANCTIONS AUTHORIZED BY LAW.

//

//

-14-

RAMOS   0061

IT IS SO ORDERED.

DATED:      February 26, 2014

_____
YVETTE M. PALAZUELOS
JUDGE OF THE SUPERIOR COURT

-15-

RAMOS    0062

CIV-130

| PLAINTIFF/PETITIONER: Behnam Khani | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ford Motor Company | BC466626 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1.  I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*
    1875 Century Park East, Suite 700, Los Angeles, CA  90067

2.  I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

    a.  ☐  deposited the sealed envelope with the United States Postal Service.

    b.  ☒  placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Entry of Judgment or Order* was mailed:

    a.  on *(date):* March 4, 2014

    b.  from *(city and state):* Los Angeles,CA  90067

4.  The envelope was addressed and mailed as follows:

    a.  Name of person served:
        Mary Arens, Esq. Baker & Hostetler LLP

        Street address: 65 East State Street, #2100

        City: Columbus

        State and zip code: Ohio  43215-4260

    b.  Name of person served:
        Mary Arens, Esq. Baker & Hostetler LLP

        Street address: 600 Anton Blvd., Suite 900

        City: Costa Mesa

        State and zip code: California 92626

    c.  Name of person served:

        Street address:

        City:

        State and zip code:

    d.  Name of person served:

        Street address:

        City:

        State and zip code:

    ☐  Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5.  Number of pages attached  -17- .

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 5, 2014

Jennifer Barrios
(TYPE OR PRINT NAME OF DECLARANT)            ▶ _____
                                                (SIGNATURE OF DECLARANT)

Page 2 of 2

CIV-130 [New January 1, 2010]          **NOTICE OF ENTRY OF JUDGMENT OR ORDER**

Martin Dean's
**ESSENTIAL FORMS™**

Khani

**RAMOS   0063**