# EXHIBIT 3

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/27/17                                                    DEPT. 19

HONORABLE STEPHANIE M. BOWICK    JUDGE    B. GARCIA    DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR
#12                                        JENNIFER TAT, #13773
         C. LAM, C.A.    Deputy Sheriff          PRO-TEMPORE    Reporter

8:31 am  BC556964                       Plaintiff    NEIL GIELEGHEM    (X)
                                        Counsel      BENJEMAN BECK     (X)
         NORMA FULLER
         VS                             Defendant    SABRINA NARAIN    (X)
         CHRYSLER GROUP LLC             Counsel


         NOT RELATED/BC559836

         NATURE OF PROCEEDINGS:

         MOTION OF PLAINTIFF, NORMA FULLER, FOR ATTORNEY FEES;


         The matter is called for hearing.

         The Stipulation and Order to Use Certified Shorthand
         Reporter appointing official Court reporter pro
         tempore in the current proceedings is signed and
         filed this date.

         After hearing argument from the parties, the Court
         takes the matter under SUBMISSION.

         LATER:

         RULING ON SUBMITTED MATTER;

          MOTION OF PLAINTIFF, NORMA FULLER, FOR ATTORNEY FEES;


         In the matter heretofore submitted this morning, the
         Court now renders its decision as follows:

         For all the reasons as detailed in the Court's written
         "Ruling", consisting of 4 pages, signed and filed this
         date, under separate cover, the Cour rules as follows:

         After consideration of the briefing filed and oral
         argument at the hearing, Plaintiff's Motion for
         Attorney Fees is GRANTED.


                         Page   1 of 3    DEPT. 19       MINUTES ENTERED
                                                         09/27/17
                                                         COUNTY CLERK

RAMOS   0126

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/27/17        DEPT. 19

| | | | |
|---|---|---|---|
| HONORABLE STEPHANIE M. BOWICK | JUDGE | B. GARCIA | DEPUTY CLERK |
| HONORABLE #12 | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR JENNIFER TAT, #13773 | |
| C. LAM, C.A. | Deputy Sheriff | PRO-TEMPORE | Reporter |

| | | | | |
|---|---|---|---|---|
| 8:31 am | BC556964 | Plaintiff Counsel | NEIL GIELEGHEM BENJEMAN BECK | (X) (X) |
| | NORMA FULLER VS CHRYSLER GROUP LLC | Defendant Counsel | SABRINA NARAIN | (X) |
| | NOT RELATED/BC559836 | | | |

**NATURE OF PROCEEDINGS:**

An "Order Granting Plaintiff's Motion for Attorney Fees" is signed and filed this date.

Counsel for Plaintiff to give notice.

CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the above-entitled minute order and "Ruling" upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the Stanley Mosk Courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: September 27, 2017

Sherri R. Carter, Executive Officer/Clerk

By: _____
     B. Garcia, Deputy Clerk

MINUTES ENTERED
09/27/17
COUNTY CLERK

RAMOS 0127

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 09/27/17                                                          **DEPT.** 19

HONORABLE STEPHANIE M. BOWICK          JUDGE   B. GARCIA          DEPUTY CLERK

HONORABLE                      JUDGE PRO TEM                ELECTRONIC RECORDING MONITOR
#12                                            JENNIFER TAT, #13773
         C. LAM, C.A.        Deputy Sheriff        PRO-TEMPORE        Reporter

| 8:31 am | BC556964 | | |
|---|---|---|---|
| | | Plaintiff Counsel | NEIL GIELEGHEM (X) |
| | NORMA FULLER | | BENJEMAN BECK (X) |
| | VS | Defendant Counsel | SABRINA NARAIN (X) |
| | CHRYSLER GROUP LLC | | |

NOT RELATED/BC559836

**NATURE OF PROCEEDINGS:**

STRATEGIC LEGAL PRACTICES, APC
Benjeman Beck
1840 Century Park East,
Suite 430
Los Angeles, CA 90067

Page    3 of  3    DEPT. 19

```
MINUTES ENTERED
09/27/17
COUNTY CLERK
```

RAMOS   0128

RULING ✕ Court's Copy ✕

| | | |
|---|---|---|
| **HEARING DATE:** | September 27, 2017 | CONFORMED COPY |
| **CASE NAME:** | *Norma Fuller v. FCA US, LLC* | ORIGINAL FILED |
| **CASE NUMBER:** | BC556964 | Superior Court of California<br>County of Los Angeles |
| **DATE FILED:** | September 9, 2014 | |
| **TRIAL DATE:** | None. Judgment entered June 13, 2017 | SEP 27 2017 |
| **CALENDAR NUMBER:** | 12 | |
| **PROCEEDING:** | Plaintiff's Motion for Attorney Fees | Sherri R. Carter, Executive Officer/Clerk |
| **MOVING PARTY:** | Plaintiff, Norma Fuller | By_____ Deputy |
| **OPPOSING PARTY:** | Defendant FCA US, LLC | |

## RULING

After consideration of the briefing filed and oral argument at the hearing, Plaintiff's Motion for Attorney Fees is GRANTED. Order signed this date. Counsel for Plaintiff to give notice.

## DISCUSSION

As an initial matter, Plaintiff's Request for Judicial Notice is granted.

On June 13, 2017, the court entered judgment on the jury verdict in favor of Plaintiff Norma Fuller and against Defendant FCA US, LLC in the amount of $109,357.05. Plaintiff moves for her attorneys' fees pursuant to Civil Code section 1794(d) and Defendant requests the court reduce the claimed fees.

Plaintiff sees $189,643.50 in attorneys' fees for Strategic Law Practices for 480.30 hours of attorney time, $25,545.00 in attorneys' fees for the Law Offices of Neil Gieleghem for 39.30 hours of attorney time, an anticipated $5,000.00 for fees incurred through the hearing on this motion, and a 0.50 multiplier enhancement totaling $107,594.25.

Pursuant to Civil Code section 1794(d), "[i]f the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." As stated by the court in *Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462:

> The statute requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable. These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved. If the time expended or the monetary charge being made for the time expended are not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount. A prevailing buyer has the

1

**RAMOS    0129**

RULING

burden of 'showing that the fees incurred were "allowable," were "reasonably necessary to the conduct of the litigation," and were "reasonable in amount." ·

(*Goglin, supra* at 470 quoting *Nightingale v. Hyundai Motor America* (1994) 31 Cal.App.4th 99, 103.) However, "[t]he lodestar method is applicable to calculating attorney fees under section 1794, subdivision (d)." (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 997.) "The law is clear, however, that an award of attorney fees may be based on counsel's declarations, without production of detailed time records. (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1375.) Here, Plaintiff provided detailed time records for the work involved.

"A trial court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case." (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1321.) The Court "need not simply award the sum requested. To the contrary, ascertaining the fee amount is left to the trial court's sound discretion." (*Id.*) "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. The court may also consider whether the amount requested is based upon unnecessary or duplicative work." (*Wilkerson v. Sullivan* (2002) 99 Cal.App.4th 443, 448.) "The basis for the trial court's calculation must be the actual hours counsel has devoted to the case, less those that result from inefficient or duplicative use of time." (*Horsford v. Board Of Trustees Of California State University* (2005) 132 Cal.App.4th 359, 395.)

In Opposition, Defendant contends that "GLM did not file a notice of appearance in Plaintiff's case" and therefore its fees should be disallowed. (Opp. at 6.) The Court disagrees. The Gieleghem Law Office filed a notice of association on June 7, 2016 and November 4, 2016. Moreover, Defendant's contention is contrary to California law. (*Mix v. Tumanjan Development Corp.* (2002) 102 Cal.App.4th 1318, 1325 ("There is no authority or reason to require a formal association on the record in order for attorney fees to be recoverable.").)

Defendant cites *Nightingale v. Hyundai Motor America* (1994) 31 Cal.App.4th 99 and contends "Plaintiff's fee motion does not include a declaration from the Plaintiff herself providing evidence that she agreed to pay SLP and GLM the hourly rates and amounts sought in this fee motion." (Opp. at 6.) In *Nightingale*, the court limited the attorneys' fee award to those incurred at the hourly rated stated in the plaintiff's fee agreement. (Nightingale, supra at 104 ("the buyer admittedly was being billed for and was liable for attorney fees only at the hourly rate of $120 per hour.").) However, Plaintiff's counsel took this case on a contingent basis. (Shahian Decl. ¶ 39. *See also Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 818 ("Fleetwood first contends that the award is improper because the Robertsons did not "incur" any attorney's fees. The argument is apparently based on the fact that there was a contingent fee arrangement. We reject Fleetwood's contention.").) In a contingency case, such as this one, the lodestar method applies. (*Robinson, supra* at 818–19.)

Defendant also contends, without citation to authority, that the failure to provide a written contingency agreement should result in denial of the fee motion. citing Business & Professions

2

**RAMOS   0130**

RULING

Code section 6147 which requires an attorney to provide the client with a written contingency fee agreement. (Opp. at 6.) In addition to being unsupported by any legal authority, Defendant's argument is unpersuasive as the statute is designed to protect clients, not opposing counsel, and specifically enables an attorney to recover a "reasonable fee" if the client properly voids an improper contingency fee arraignment. (Bus. & Prof. Code, § 6147(b).)

Defendant cites California Rules of Professional Conduct Rule 2-200 and speculates as to the nature of the agreement between Plaintiff and GLM. (Opp. at 7.) Defendant cites no authority for the proposition that Rule 2-200 has any relevance in a fee motion. Defendant cites *Chambers v. Kay* (2002) 29 Cal.4th 142, 147, which was a breach of contract action wherein 2-200 operated as a defense to a claim for legal services and therefore has no relevance here. As the court noted in *Chambers*, "rule 2-200 aims to protect clients." (*Id.* at 162.) The court in *Strong v. Beydoun* (2008) 166 Cal.App.4th 1398, another case involving Rule 2-200 as a defense to an attorneys' cause of action for quantum meruit, similarly noted "Rule 2–200 was adopted for the protection of the client." (*Id.* at 1404.) Defendant's argument is unpersuasive.

Defendant argues that the claimed attorney fees are excessive. The Court reviews the briefing and hears oral argument regarding the fees claimed by GLM. The Court is satisfied with the explanation as to why Strategic Law Practices requested the assistance of outside counsel. The Court finds the hourly rate of $650.00 per hour reasonable based upon the years of practice and experience of Neil Gieleghem. The fees requested of $25,545.00 for GLM are granted.

Defendant's objection to the alleged block-billing, (Opp. at 12), citing the anti-SLAPP attorneys' fee determination in *569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.* (2016) 6 Cal.App.5th 426 is inapplicable here. "[T]he anti-SLAPP statute's fee provision applies only to the motion to strike, and not to the entire action." (*Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1324.) "[B]lock billing is not objectionable per se, though it certainly does increase the risk that the trial court, in a reasonable exercise of its discretion, will discount a fee request. Block billing is particularly problematic in cases where there is a need to separate out work that qualifies for compensation under section 1021.5 from work that does not." (*Jaramillo v. County of Orange* (2011) 200 Cal.App.4th 811, 830.) "Trial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not." (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1010.) The Court finds that there are no entries in the billing that are unclear, unreasonable, duplicative, unnecessary or inappropriately billed in a manner which prevents the Court from analyzing reasonableness.[1]

### *Hourly Rate*

"The reasonable hourly rate is that prevailing in the community for similar work." (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095.) "The experienced trial judge is the best judge of the value of professional services rendered in [her] court." (*Id.*) In Opposition, Defendant contends the claimed hourly rates are unreasonable. (Opp. at 9-13.) However, Plaintiff has provided numerous examples of counsel's hourly rates being approved in Los Angeles courts. (Shahian Decl. ¶¶ 3-35, Ex. 12-21) "[R]ate determinations in other cases,

---

[1] Defendant fails to specify any entries that are duplicative.

3

**RAMOS    0131**

RULING

particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." (*Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1009.) Thus, the Court finds the hourly rates claimed by Plaintiff's counsel are reasonable.[2] An award of $189,643.50 is granted to Strategic Legal Practices, APC. The Court also awards an additional $5,000 for the attorney fee motion.

### *Multiplier*

The lodestar amount "may be adjusted by the court based on factors including (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." (*Bernardi v. County of Monterey* (2008) 167 Cal.App.4th 1379, 1399.) The purpose of any lodestar and the increase thereto "is intended to approximate market-level compensation for such services" and is entirely discretionary. (*Id.*) "The purpose of a fee enhancement is not to reward attorneys for litigating certain kinds of cases, but to fix a reasonable fee in a particular action." (*Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128, 1171-72.) The Court finds that 1) Plaintiff's counsel obtained an excellent result under the circumstances of the case, and 2) Defendant fervently fought this litigation at every turn.[3] Plaintiff's counsel demonstrated skill in litigating the matter and vigorously represented Plaintiff for a successful result in case involving facts that were not all favorable to Plaintiff, including her continuing to drive the vehicle for a considerable amount of additional miles after the defect was known and making repairs outside of the dealership. This was not your "typical" Lemon Law case, and involved difficult issues. Moreover, Plaintiff's counsel's representation was exceptional. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1139). Accordingly, a multiplier enhancement of 0.50 is warranted.

### *Conclusion*

The Court grants a total attorney fee award of $327,782.75, which includes: 1) $189,643.50 to Strategic Legal Practices, APC; 2) $25,545 to the Law Offices of Neil Gieleghem; 3) A 0.50 multiplier enhancement in the amount of $107,594.25; and 4) an additional $5,000 for the attorney fee motion.

Finally, Defendant addresses the issue of claimed costs, which is the proper subject of a future motion to tax, set for hearing on November 27, 2017.

IT IS SO ORDERED.

Date: 9/27/2017

Hon. Stephanie Bowick
Judge of the Superior Court

---

[2] The Court does not find the case was "overstaffed" given the nature of this litigation and issues involved, including discovery.

[3] In fact, Defendant waited until trial proceedings were to begin before agreeing to restitution and repurchase of the vehicle.

4

**RAMOS   0132**