# EXHIBIT 4

Michael Devlin (State Bar No. 265365)
mdevlin@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone:    (310) 929-4900
Facsimile:    (310) 943-3838

Attorneys for Plaintiff RUZANNA KAZARYAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| RUZANNA KAZARYAN,<br><br>                    Plaintiff,<br><br>    vs.<br><br>MERCEDES-BENZ USA, LLC;<br><br>                    Defendant. | Case No.: BC574416<br><br>*Case Initiated: March 4, 2015*<br><br>Hon. Frederick C. Shaller<br> Dept. 46<br><br>**NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR FEES, COSTS, AND EXPENSES**<br><br> Date:      February 27, 2018<br> Time:      8:30 a.m.<br> Dept:      46 |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that the Court, Hon. Frederick C. Shaller, having on February 27, 2018, heard Plaintiff's Motion for Fees, Costs, and Expenses (the "Motion"); and

The Court having considered the moving, opposition, reply papers, and the arguments of counsel appearing (Michael Devlin, Esq. for Plaintiff and Benson Douglas, Esq., Ashley Oaks, Esq. for Defendants); and

Good cause appearing, ruled as follows:

1. The Motion is granted.

2. The Court awards Plaintiff $207,216.00 in attorney's fees.  Such amount consists of the following:

   a.  SLP's lodestar of $182,956.00 and $3,500 for the Reply brief and attending the hearing.

   b.  Gieleghem Law Office 51.9 hours at a rate of $400.00/hr – totaling $20,760.

3. Accordingly, Defendant shall pay $186,456.00 to Strategic Legal Practices and $20,760.00 to Gieleghem Law Office.

4. Plaintiff is ordered to file a Memorandum of Costs within ten (10) days.

5. Attached hereto is a true and correct copy of the Court's Tentative Ruling that became the Court's Final Order (with the issue of the $220,191.00 figure appearing on the first page being clarified to $207,216.00.

6. Plaintiff volunteered to give Notice.

Dated:  February 22, 2018

Respectfully submitted,
Strategic Legal Practices, APC

By: _____
Michael Devlin, Attorneys for Plaintiff

1

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, California 90067.

On **February 27, 2018,** I caused to be served the document(s) described as:

**NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR FEES, COSTS, AND EXPENSES** on the interested parties in this action by sending  [  ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [   ] as stated on the attached service list:

Kate Lehrman
Jacqueline Chinery
LEHRMAN LAW GROUP
12121 Wilshire Boulevard, Suite 1300
Los Angeles, CA 90025

[✓]    **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[  ]    **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[  ]    **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[  ]    **BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[  ]    **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **February 27, 2018,** at Los Angeles, California.

_____          _____
Type or Print Name                                              Signature

2

**Case Number:** BC574416
RUZANNA KAZARYAN VS MERCEDES-BENZ USA LLC


**Filing Date:** 03/04/2015
**Case Type:** Othr Breach Contr/Warr-not Fraud


**02/27/2018**
Motion for Attorney Fees

NOTICE OF TENTATIVE RULING AND PROCEDURE
FOR SUBMISSION WITHOUT HEARING

The parties may submit to the tentative ruling without appearing for the hearing if you follow these instructions: (1) If ALL PARTIES (except if no other parties have appeared, only Plaintiff) have read the tentative ruling and ALL PARTIES agree and submit to the tentative ruling, then court appearances may be waived.  The matter will remain on calendar and the tentative ruling will be adopted as the FINAL RULING and entered on the date of the hearing; (2) If ALL PARTIES SUBMIT, the Court  directs ONE PARTY REPRESENTATIVE to send an email to smcdept46@lacourt.org, at least one day prior to the hearing date, to advise the Court  that ALL PARTIES SUBMIT, also STATING WHICH PARTY WILL GIVE NOTICE, or if NOTICE IS WAIVED; (3) Please refrain from sending individual emails to smcdept46@lacourt.org with a request to modify the tentative ruling or indicate one party submits but waiting to hear from the other side, as these emails will not be considered.  ALL PARTIES must appear in Court.  Needless to say, if parties do not submit, there is NO NEED to contact the Court.  The Court expects to see you on the date of the hearing; (4) If there is a signed Order or Judgment, and you have provided an extra copy to be conformed and an attorney service return slip, this will be available for pick up in Dept. 46 attorney service pick-up box the next business day.

TENTATIVE RULING

Defendant's Objections to Plaintiff's Request for Judicial Notice is GRANTED.

Plaintiff's Objections to the Declaration of Ashly Oaks are Sustained except Objection 1 is Overruled.

Ruzanna Kazaryan's Motion for Attorney's Fees is GRANTED in Part. Plaintiff is awarded Attorney Fees in the amount of $220,191.00. Plaintiff to submit an order.

Relative to costs, Plaintiff is ordered to file and serve a Memorandum of Costs within 10 days. Thereafter the Defendant may file a motion to tax costs for any disputed cost items.

See discussion

11

RAMOS   0156

2

## DISCUSSION

On 3/4/15, Plaintiff ("P" or "Plaintiff") filed her complaint for (1) Violation of CC §1793.2(d); (2) Violation of CC § 1793.2(b); (3) Violation of CC § 1793.2(a)(3); (4) Breach of Express Written Warranty; (5) Breach of the Implied Warranty of Merchantability and (6) Violation of the Magnuson-Moss Warranty Act against Defendant Mercedes-Benz USA, LLC (hereinafter, "D" or "Defendant") and DOES 1-10. On 2/14/17, D filed its First Amended Answer. On 8/28/17, the parties filed their Notice of Settlement.

CCP §1032(a)(4), in part, defines a "prevailing party" as "the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant…" Subsection (b) provides that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."

CCP § 1033.5 states in relevant part:

"(a) The following items are allowable as costs under Section 1032:

…

(10) Attorney's fees, when authorized by any of the following:

(A) Contract.

(B) Statute.

(C) Law.

…

(c) An award of costs shall be subject to the following:

…

(5)(A)…

**RAMOS  0157**

> Attorney's fees allowable as costs pursuant to subparagraph (A) or (C) of paragraph (10) of subdivision (a) shall be fixed either upon a noticed motion or upon entry of a default judgment, unless otherwise provided by stipulation of the parties.

Civil Code §1794 states in relevant part:

> "(d) If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

There is no disagreement that Plaintiff is the prevailing party even though the case resolved by way of settlement; what remains for this court to resolve is the matter of the amount of fees and costs owed.

<u>Costs</u>

Plaintiff indicates in a footnote at the end of her motion that the parties agreed to file a single motion for fees and costs. The usual procedure is somewhat different, because costs are awarded as a matter of right (see <u>Brown v. Desert Christian Center</u> (2011) 193 C.A.4th 733, 737), and are smaller items that need to be specifically spelled out in ways that attorney fees do not (see discussion below). Where there is any doubt as to the proper procedure, the prevailing party is to file a memorandum of costs. See <u>Hytratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.</u> (1990) 223 C.A.3d 924, 928-929.

Once the memorandum of costs is filed, the other party has the option to challenge it. <u>Jones v. Dumrichob</u> (1998) 63 C.A.4th 1258, 1267. The burden on such a challenge is split. Where the item appears proper on its face, the challenging party bears the burden of proving any item was unreasonable and unnecessary. <u>Bender v. County of Los Angeles</u> (2013) 217

C.A.4th 968, 989; see also <u>Nelson v. Anderson</u> (1999) 72 C.A.4th 111, 131. To bear this burden, the challenging party must produce more than plain argument, supported only by the declaration of its own counsel. <u>Adams v. Ford Motor Co.</u> (2011) 199 C.A.4th 1475, 1486-87. On the other hand, where an item appears improper on its face, the prevailing party bears the burden of producing evidence to support that item. <u>Ladas v. California State Auto. Assn.</u> (1993) 19 C.A.4th 761, 774; <u>Oak Grove School Dist. of Santa Clara County v. City Title Ins. Co.</u> (1963) 217 C.A.2d 678, 698.

The particularity required by these procedures means that the parties cannot simply agree to "combine" motions for fees and costs. Indeed, there is no "motion for costs." Costs are awarded as of right; no motion required. A motion to tax costs would be filed by Defendant; the motion for attorney's fees was (as it should be) filed by Plaintiff. The cross-motions cannot be combined in this manner. This is especially true given the itemized nature of costs and the differing burdens at play between the motions and within a motion to tax costs itself. The court is not required to leaf through the bills provided by Plaintiff to search out the provenance of each small item, and declines to do so. Plaintiff is ordered to file a memorandum of costs for this court's review, to which Defendant may object in writing. No further hearing is necessary unless Defendant files a motion to tax costs.

<u>Attorney Fees</u>

"To enable the trial court to determine whether attorney fees should be awarded and in what amount, an attorney should present "(1) evidence, documentary and oral, of the services actually performed; and (2) expert opinion, by [the applicant] and other lawyers, as to what would be a reasonable fee for such services." (1 Witkin, Cal. Procedure (3d ed. 1985) § 165, p. 192; <u>Hensley v. Eckerhart</u> (1983) 461 U.S. 424, 433, 437 [76 L.Ed.2d 40, 50, 53, 103 S.Ct. 1933]; see <u>Los Angeles v. Los Angeles-Inyo Farms Co.</u> (1933) 134 Cal.App. 268, 274 [25 P.2d 224].) "In many cases the trial court will be aware of the nature and extent of the attorney's services from its observation of the trial proceedings and the pretrial

and discovery proceedings reflected in the file." (*In re Marriage of Cueva*, *supra.*, 86 Cal.App.3d at p. 301, fn. omitted.) However, in the absence of such crucial information as the number of hours worked, billing rates, types of issues dealt with and appearances made on the client's behalf, the trial court is placed in the position of simply guessing at the actual value of the attorney's services. That practice is unacceptable and cannot be the basis for an award of fees." <u>Martino v. Denevi</u> (1986) 182 C.A.3d 553, 558-559.

"In determining the amount of reasonable attorney fees to be awarded under a statutory attorney fees provision, the trial court begins by calculating the 'lodestar' amount…[t]he 'lodestar' is 'the number of hours reasonably expended multiplied by the reasonable hourly rate.' (Citation.) To determine the reasonable hourly rate, the court looks to the 'hourly rate prevailing in the community for similar work.' (Citation.) Using the lodestar as the basis for the attorney fee award 'anchors the trial court's analysis to an objective determination of the value of an attorney's services, ensuring that the amount awarded is not arbitrary. (Citation.)'" <u>Bernardi v. County of Monterey</u> (2008) 167 C.A.4th 1379, 1393-1394.

"Some federal courts require that an attorney maintain and submit 'contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney' in support of an application for attorney fees…[i]n California, an attorney need not submit contemporaneous time records in order to recover attorney fees…[t]estimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." <u>Martino v. Denevi</u> (1986) 182 Cal.App.3d 553, 559. "[A]n award of attorney fees may be based on counsel's declarations, without production of detailed time records." <u>Raining Data Corp.</u>, 175 Cal.App.4th at 1375. "'"[P]adding' in the form of inefficient or duplicative efforts is not subject to compensation.'" <u>Premier Medical Management Systems, Inc. v. California Insurance Guarantee Association</u> (2008) 163 C.A.4th 550, 556.

"[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. (Serrano III, *supra*, 20 Cal.3d at p. 49, 141 Cal.Rptr. 315, 569 P.2d 1303.) The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services. The " 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.' " (Ibid.)" Ketchum v. Moses (2001) 24 C.4th 1122, 1132.

"[T]he contingent and deferred nature of the fee award in a civil rights or other case with statutory attorney fees requires that the fee be adjusted in some manner to reflect the fact that the fair market value of legal services provided on that basis is greater than the equivalent noncontingent hourly rate. (Ketchum v. Moses, *supra*, 24 Cal.4th at pp. 1132–1133, 104 Cal.Rptr.2d 377, 17 P.3d 735.) " 'A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases.' " (Id. at p. 1133, 104 Cal.Rptr.2d 377, 17 P.3d 735, quoting with approval from Leubsdorf, *The Contingency Factor in Attorney Fee Awards* (1981) 90 Yale L.J. 473, 480.) The contingency adjustment may be made at the lodestar phase of the court's calculation or by applying a multiplier to the noncontingency lodestar calculation (but not both). (Ketchum v. Moses, *supra*, 24 Cal.4th at pp. 1133–1134, 104 Cal.Rptr.2d

377, 17 P.3d 735.)" Horsford v. Board of Trustees of California State University (2005) 132 C.A.4th 359, 394-395.

Plaintiff provides detailed billing records showing the following hours expended and hourly rates: 501.4 hours divided between Michael Devlin [$375/hour in 2015, $385/hour in 2016, and $400/hour in 2017]; Gillian Mellon [$325/hour in 2016 and $350/hour in 2017]; Larry Chae [$365/hour in 2015 and $385/hour in 2016]; Armig Khodanian [$295/hour in 2015]; Nicole Vongchanglor [$345/hour in 2015]; and Anna Cronk [$385/hour in 2017] (Declaration of Payam Shahian [hereinafter "Shahian Dec."], ¶¶ 21-33, Exhibit 15) as well as 51.9 hours on the part of Neil Gieleghem @ $650/hour (Declaration of Neil Gieleghem Exhibit A). This brings P to a total of 553.3 hours billed and $220,191.00 in fees. P further requests the award of a 1.35 multiplier, bringing her total request to $297,257.85.

<u>Lodestar Calculation</u>

**Total Hours Properly Billed**

Defendant's objections boil down to a few specific types.

(1) <u>Defendant's objections to Plaintiff's counsel billing for preparing and propounding discovery requests from which Defendant was later sheltered by the court</u>: it is a well-established principal that the mere fact that attorney time expended on a cause resulting in a loss does not make a party's attorney's fees incurred for such purpose unreasonable. See <u>Christiansburg Garment Co. v. Equal Employment Opportunity Commission</u> (1978) 434 U.S. 412, 421-422. As a corollary, fees incurred to defend or prosecute that position are not unreasonable.

(2) <u>Defendants' objection to Plaintiff's counsel billing for motions on which it did not prevail</u>: the same logic applies as stated in response to objection (1).

(3) <u>Defendant's objects to the amount of time billed for some of the motions and for trial preparation, on the basis that this is a garden variety lemon law case which does not require</u>

so much time: this argument represents a mere difference of opinion, and is unsupported by evidence. Defendant's counsel may be more efficient than Plaintiff's counsel, but that is not the issue. The time spent as billed by Plaintiff is not unreasonable.

(4) Defendant's objection to the use of multiple attorneys, particularly the use of junior attorneys to do what Defendant calls "secretarial work:" although there are eight attorneys who billed time on this case, only four worked the case in 2015, four in 2016, and three in 2017. The benefits of having separate sets of eyes going over the same documents are manifest, and whether work is properly secretarial or not depends on the particular circumstances. There is insufficient basis to conclude charges were unreasonable based only on Defendant's second-guessing the decisions of Plaintiff's counsel to use attorney time to perform tasks that perhaps some legal secretaries might be able to perform; they did, after all, prevail.

For the foregoing reasons, the total hours billed by Plaintiff's counsel are not reduced.

### Hourly Rate

The rates claimed by the above attorneys are not excessive, with one exception: the rate for Neil Gieleghem is in the court's judgment above the range of the reasonable value of the services rendered in this particular situation considering the nature of the litigation and work done in this limited circumstance and these are reduced to $400/hour, commensurate with the rate of Michael Devlin, lead counsel on the case. These rates take into account the contingent nature of the fee award, as required by Ketchum, *supra*, 24 C.4th at 1132-34.

The lodestar figure calculated using the above-determined hours and hourly rate is $207,216.00.

### Multiplier

Plaintiff seeks a 2.0 multiplier. As noted above, four factors are used to analyze whether a multiplier is appropriate or not: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. Id. at 1132.

Plaintiff's argument to the first factor (novelty and difficulty of the issues) is essentially that the case was novel and difficult because counsel had to educate themselves on engine mechanics and Plaintiff's vehicle. But this would be true in any lemon law case, and Plaintiff's counsel is a major lemon law firm. By this logic, *all* of counsel's cases are novel and difficult. That conclusion would be unreasonable; this factor does not weigh in favor of a multiplier.

Plaintiff's argument on the second factor (skill displayed) is essentially that she won. Given that those that do not prevail cannot recover attorney's fees, accepting Plaintiff's argument would essentially render the second factor vestigial to the analysis.

Plaintiff does not address the third factor.

The contingent risk has already been accounted for in the calculation of the hourly rate used for the lodestar figure, as permitted under Ketchum, *supra*, 24 C.4th at 1132-34.

For these reasons, no multiplier is granted.

Conclusion

For all the foregoing reasons, Plaintiff is awarded attorney's fees in the lodestar amount of $207,216.00.

Plaintiff is ordered to file and serve a memorandum of costs, to which Defendant may object in writing.

The amount of costs allowed will then added to the final award.

RAMOS   0164

IT IS SO ORDERED:


_____
Frederick C. Shaller, Judge

RAMOS    0165