# EXHIBIT 5



COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

APR 03 2018

Sherri R. Carter, Executive Officer/Clerk

By: Marlon Gomez, Deputy

Jacob Cutler (SNB 264988)
jcutler@slpattorney.com
STRATEGIC LEGAL PRACTICES, APC
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorney for Plaintiff KELLY GEREDES

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| KELLY GEREDES, | Case No.: BC523641 |
|---|---|
| Plaintiff, | |
| v. | Hon. Monica Bachner<br>Dept. 71 |
| CHRYSLER GROUP LLC; and DOES 1 through 10, inclusive, | NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST |
| Defendants. | |
| | Hearing Date:    April 3, 2018<br>Time:    8:30 am<br>Dept.    71 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 3, 2018, Plaintiff's Motion for Attorney Fees and Plaintiff's Motion for Prejudgment Interest ("Motions") came for a hearing.

After hearing all the arguments of counsel (Jacob Cutler, Esq. for Plaintiff and Barry Schirm, Esq. for Defendant), and considering the papers submitted in support of and in opposition to the Motions, and good cause appearing, The Court, Honorable Monica presiding ruled as follows:

1. The tentative ruling on both motions (which are attached) were adopted.

2. Defendant is to pay $244,080.50 in attorney's fees.

3. Plaintiff's  Motion for Prejudgment Interest is DENIED.

NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST

RAMOS    0166

Dated: April 3, 2018                     STRATEGIC LEGAL PRACTICES, APC

By: _____

JACOB W. CUTLER
Attorney for Plaintiff

1

**RAMOS    0167**

4

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

**DEPARTMENT 71**

TENTATIVE RULING

KELLY GEREDES,

vs.

CHRYSLER GROUP LLC, et al.

Case No.:  BC523641

Hearing Date:  April 3, 2018

**Plaintiff Kelly Geredes' motion for prejudgment interest is denied.**

**Plaintiff's motion for attorneys' fees is granted in the amount of $244,080.50.**

A. Motion for Prejudgment Interest

Plaintiff Kelly Geredes ("Plaintiff") moves for an award of prejudgment interest as the prevailing party in this action, pursuant to Civil Code §3287. Plaintiff requests an award of $41,905.64 and/or $48,759.00 under Civil Code §3287(a) from the date of the purchase or, in the alternative, under the Court's discretion granted under Civil Code §3287(b), in the amount of $17,379.70 and/or $20,220.60 from the date of the Complaint. (Notice of Motion, pg. 2.)[1]

*Civil Code §3287(a)*

Civil Code §3287(a) provides, in pertinent part, as follows: "A person who is entitled to recover damages certain, or capable of being made certain by

---

[1] In the reply, Plaintiff noted she elected the remedy of implied warranty of merchantability and had the Court enter judgment pursuant to her implied warranty cause of action, which was for the vehicle's total sales price of $48,759.00 and incidental and consequential damages of $3,504.99, for a total amount of $53,010.99. [This appears to be an error. The judgment lists the total amount paid or payable for the vehicle is *$49,506.00* and the award of incidental and consequential damages is $3,504.99, for a total of $53,010.99.] Plaintiff represents she is no longer seeking prejudgment interest as to any of the other causes of action that she did not elect as a remedy for the judgment. (Reply, pg. 1, fn. 2.) (Supplemental Declaration of Cutler ¶3; Exhibit 1.)

1

**RAMOS    0168**

calculation, and the right to recover which is vested in the person upon a particular day, is entitled also to recover interest thereon from that day…"

"In other words, prejudgment interest is awarded only when the sum is liquidated within the meaning of the statute. [Citation]" (*Duale v. Mercedes-Benz USA, LLC* (2007) 148 Cal.App.4ᵗʰ 718, 728.)

"'Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage.' [Citations.]' Thus, '''[t]he test for recovery of prejudgment interest under [Civil Code] section 3287, subdivision (a) is whether *defendant* actually know[s] the amount owed or from reasonably available information could the defendant have computed that amount. [Citation.]' [Citations.] 'The statute … does not authorize prejudgment interest where the amount of damage, as opposed to the determination of liability, 'depends upon a judicial determination based upon conflicting evidence and it is not ascertainable from truthful data supplied by the claimant to his debtor.' [Citations.]' [Citation.] Thus, *where the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate.* [Citation.]' [Citation.]' [Citations]" (*Id.* at 729.)

"The Song-Beverly Consumer Warranty Act does not bar recovery of prejudgment interest under *Civil Code section 3287*…" (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4ᵗʰ 1004, 1011.)

In *Duale*, the California Court of Appeal, Third Appellate District, determined the trial court did not err in denying the plaintiffs' posttrial application for prejudgment interest on the jury award in a case based on violation of the Song-Beverly Consumer Warranty Act. (*Duale* at 721, 728.) The Court of Appeal concluded the "trial court did not err in determining the amount of damages owed plaintiffs by defendant was not calculable prior to trial." (*Id.* at 729.) The Court of Appeal reasoned that "[d]etermination of the award required the jury to determine (1) whether any of the many defects alleged in the complaint represented a nonconformity, (2) whether any such nonconformity 'substantially impaired [the] use, value, or safety' of the vehicle, and (3) then to determine – for any such nonconformity – the mileage at which plaintiffs first presented the car to defendant for repair." (*Id.*) "The trial court found that '[a]ll of these issues were contested at the trial' and, further, even as to the single nonconformity found by the jury, whether it substantially impaired the car's use, value or safety and the mileage at which it was first presented to defendant for repair were both in dispute at trial.

**RAMOS    0169**

Thus, the amount of damages could not be resolved except by verdict, and prejudgment interest was not appropriate." (*Id.*)

Plaintiff is not entitled to prejudgment interest under Civil Code §3287(a) because Plaintiff's damages were not certain or capable of being made certain by calculation. (Opposition, pg. 1.) The amount of Plaintiff's damages could not have been resolved except by verdict or judgment in this action. The jury had to determine, among other things, whether the vehicle had a defect that substantially impaired the vehicle's use, value, or safety to a reasonable buyer in Plaintiff's situation, whether Defendant or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so, whether Defendant failed to promptly replace or repurchase the vehicle, and the number of miles the vehicle was driven by Plaintiff before it was brought in for repair. (*See* Judgment on Jury Verdict.) The "purchase contract merely provides the amount Plaintiff paid for the car" and the jury was charged with resolving "key issues." (Opposition, pg. 3.) As argued by Defendant FCA US LLC ("Defendant"), "that the jury awarded damages in an amount close in number to the purchase price, or put differently, that the purchase price was 'approximately' the amount of the jury verdict, does not change the analysis under *Duale*: Plaintiff is not entitled to prejudgment interest because the amount of damages could not be resolved except by jury verdict." (Opposition, pg. 3.)[2]

Based on the foregoing, Plaintiff's motion for an award of prejudgment interest under Civil Code §3287(a) is denied.

*Civil Code §3287(b)*

Civil Code §3287(b) provides, as follows: "Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed."

Plaintiff argues the Court has discretion to award prejudgment interest under Civil Code §3287(b). (Motion, pg. 7.) Plaintiff contends "a claim for violation of

---

[2] Defendant also argues "Plaintiff is not entitled to pre-judgment interest under Civil Code section 3287(a) because there has been no finding as to the date of breach of contract. The verdict contains no such finding. There is no evidence that plaintiff's right to recovery vested on any 'particular day,' and no basis for an award of interest 'from that day.' [Citation]" (Opposition, pgs. 3-4.)

3

RAMOS    0170

the Song-Beverly Act is a claim for breach of express warranty, which is a cause of action in contract, Plaintiff specifically requested prejudgment interest in her complaint, Plaintiff is the prevailing party in this action, and, in finding Defendant breached various Song-Beverly obligations, the jury determined the vehicle had defects that substantially impaired its use, value and safety, the vehicle was not repaired within a reasonable number of repair attempts, the vehicle had not been repaired within a reasonable time, Defendant did not provide its dealerships with sufficient repair literature, and Defendant breached the express terms of the warranties provided to Plaintiff. (Motion, pg. 8.) Plaintiff contends no mileage offset was taken and Plaintiff received the full amount of the purchase of the vehicle. According to Plaintiff, this means the date of injury was December 28, 2017 (sic), when Plaintiff purchased the vehicle. (Motion, pg. 8.)[3] Plaintiff argues the Court should exercise its discretion to award prejudgment interest from the date of the complaint (October 4, 2013) to make Plaintiff whole (at least from that date). (Opposition, pg. 9.)

Plaintiff argues there are various possible considerations upon which the Court could conclude that prejudgment interest should be awarded, including that Defendant had the opportunity to avoid this litigation altogether had it acknowledged the defective condition when Plaintiff made her repeated repair visits during a time the evidence shows Defendant was aware of this sort of problem in this year, make and model vehicle and remained silent, Plaintiff suffered substantial injury by driving a defective vehicle that was unsafe and impaired the way she could drive the car, Plaintiff has been incurring damages for almost 10 years, Plaintiff has expended money out of pocket to drive the vehicle, Plaintiff lost the time and value of her money, and Defendant received the benefit of Plaintiff's money for years. (Motion, pg. 9.)[4]

---

[3] This is a typographical error; Plaintiff purchased the vehicle on December 28, 2017. (Devlin Decl. in Support of Motion, ¶ 4, Exh. B.)

[4] (See A&M Produce Co. v. FMC Corp. (1982) 135 Cal.App.3d 473, 496-497 ("Few cases have discussed the standards by which a trial court's exercise of discretion under Civil Code section 3287, subdivision (b) are to be judged. [Citation] Nonetheless, we believe several of the factors cited by the trial court support its decision to award prejudgment interest here. First, over seven years passed between the time A & M filed its first complaint and the time judgment was entered. The fact that the hung jury in the first trial or the granting of the new trial motion after the second trial was not FMC's 'fault' is irrelevant. The award of 7 percent interest to A & M does not penalize FMC for litigating a bona fide dispute; rather, it is merely a recognition of an additional amount of damage incurred by A & M as a result of FMC's breach of warranty. The judgment in this action reflects a conclusion that FMC was liable to A & M for the economic loss of A & M's 1974 tomato crop. Were the judicial process devoid of transaction costs, A & M would have been entitled to reimbursement in 1974. FMC can hardly complain that these transaction costs have essentially allowed it to borrow over $ 325,000 from A & M for 7 years at

4

The Court declines to exercise its discretion to award Plaintiff prejudgment interest under Civil Code §3287(b). Plaintiff filed the instant action on October 4, 2013. The matter was originally set for trial on November 4, 2014. After trial continuances requested by both Plaintiff and Defendant, as well as, continuances by the Court, trial did not commence until October 24, 2017. (*See* Court's 12/13/13, 12/4/14, 11/10/15, 10/28/16, 2/9/17, 4/7/17, 10/13/17, 10/24/17 Minute Orders)(*See also* 6/4/15 Stipulation to Continue Trial Date & Order.) Awarding interest from October 4, 2013, would result in a windfall to Plaintiff, especially considering trial did not take place until more than *four years* after Plaintiff filed the complaint due to multiple continuances, including continuances requested by Plaintiff. Additionally, as discussed above, the jury had to make certain key determinations in this case, including whether the vehicle had a defect that substantially impaired the vehicle's use, value, or safety to a reasonable buyer in Plaintiff's situation, whether Defendant or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so, whether Defendant failed to promptly replace or repurchase the vehicle, and the number of miles the vehicle was driven by Plaintiff before it was brought in for repair. (*See* Judgment on Jury Verdict.) Further, the jury's verdict made Plaintiff whole.

Based on the foregoing, Plaintiff's motion for an award of prejudgment interest pursuant to Civil Code §3287(b) is denied.

*Conclusion*

Plaintiff's motion for an award of prejudgment interest is denied.

---

7 percent per year. The trial court was permitted to take cognizance of the exceedingly higher market interest rates during this period in exercising its discretion to award prejudgment interest. [¶] In addition, A & M's 1974 offer to settle the case provides more support for the trial court's conclusion. In June of that year, A & M offered to return the weight-sizer to FMC if FMC would refund the down payment and pay the freight charges. To be sure, FMC was free to refuse this offer in good faith reliance on its position that the disclaimers and exclusions on the preprinted form contract made A & M's claim untenable. In our view, however, the trial court was permitted to view FMC's refusal of A & M's offer as placing the prejudgment interest amount at risk. [Citation] It having been determined that A & M's claim was valid, the trial court properly exercised its discretion in awarding prejudgment interest.").)

RAMOS    0172

B. Motion for Attorneys' Fees

Plaintiff moves for an award of attorneys' fees against Defendant in the amount of $303,600.63 ($238,080.50 in attorneys' fees, plus a multiple of 0.25 - $59,502.13, plus an anticipated additional in excess of $6,000.00 in attorneys' fees incurred in connection with the instant motion), pursuant to Civil Code §1794(d).[5]

Civil Code §1794(d) provides, as follows: "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

Plaintiff is entitled to an award of reasonable attorneys' fees under Civil Code §1794(d) as the prevailing party in this action. Plaintiff's request for attorneys' fees in the amount of $238,080.50 is reasonable and supported. (Declaration of Devlin ¶¶10-44; Exhibits 5-12.) (Declaration of Shahian ¶¶2-7, 20-51; Exhibit 15.) Defendant argues that some of the attorneys' fees incurred were not reasonable. Defendant contends Plaintiff's counsel undertook unnecessary measures on numerous occasions during the work-up of this case, including deposing numerous percipient witnesses from across the state who were at best only incidental to Plaintiff's case-in-chief, Plaintiff did not use the testimony at trial, and Plaintiff was not "forced" to prepare more due to trial continuances. (Opposition, pg. 3.) (Declaration of Schirm ¶¶4-10.) However, Mr. Schirm's conclusory declaration is insufficient to establish Plaintiff's claimed fees were not reasonably incurred. The fact that some of the percipient witnesses were not called to testify does not, in and of itself, establish their depositions were unnecessary. Moreover, Defendant did not establish the claimed fees are inflated and/or otherwise unnecessarily incurred.

The Court, however, denies Plaintiff's request for a multiplier. The Court finds there is no basis to award a multiplier because counsels' time and skill, as well as, the contingent nature of the representation, are compensated with fees and

---

[5] Plaintiff's 2/9/18 request for judicial notice is denied.

Defendant's 3/20/18 evidentiary objections are overruled. Defendant's objections to Plaintiff's request for judicial notice are moot.

6

RAMOS    0173

the fee rates (identified above). Also, there is nothing before the Court to suggest the relatively straight forward case required extraordinary legal skill and/or required counsel to bear unnecessary risk.

Based on the foregoing, Plaintiff's motion for an award of attorneys' fees is granted in the amount of $244,080.50 ($238,080.50 + $6,000.00 (for fees related to the instant motion). (Declaration of Shanian ¶¶47-48; Exhibit 15.)

Dated: April _____, 2018

_____
Hon. Monica Bachner
Judge of the Superior Court

RAMOS   0174

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, California 90067.

On **April 3, 2018**, I served the document(s) described as:

**NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES AND PLAINTIFF'S MOTION FOR PREJUDGEMENT INTEREST**

on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [ ] as stated on the attached service list:

> Barry R. Schirm
> HAWKINS, PARNELL,
> THACKSTON & YOUNG, LLP
> 445 S. Figueroa Street, Suite 3200
> Los Angeles, CA 90071

[ ] **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ] **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[ ] **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[ ] **BY PERSONAL SERVICE:** I caused the attached to be delivered, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[X] **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **April 3, 2018,** at Los Angeles, California.

_____
Kelsie Jones

**PROOF OF SERVICE**                    RAMOS    0175