# EXHIBIT 6

Jacob Cutler (SNB 264988)
jcutler@slpattorney.com
**STRATEGIC LEGAL PRACTICES, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorney for Plaintiff AHMED AL-JIBOURY

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| AHMED AL-JIBOURY, | Case No.: BC648057 |
|---|---|
| Plaintiff, | |
| v. | Hon. Michael J. Raphael<br>Dept. 51 |
| FCA US LLC; and DOES 1 through 10, inclusive, | **NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES** |
| Defendants. | Date:   May 25, 2018<br>Time:   8:30 a.m.<br>Dept.:  51 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on May 25, 2018, Plaintiff's Motion for Attorney Fees, Costs, and Expenses ("Motion") came for a hearing.

    After hearing all the arguments of counsel, and considering the papers submitted in support of and in opposition to the Motion, and good cause appearing, The Court, Honorable Michael Raphael presiding ruled as follows:

1. The tentative ruling (which is attached) was adopted as the Court's final ruling.

2. Defendant is to pay $51,168.50 in attorney's fees and $5,616.56 in costs for a total of $56,785.06.

Dated: May 25, 2018                    STRATEGIC LEGAL PRACTICES, APC

By: _____

JACOB W. CUTLER
Attorney for Plaintiff

1

RAMOS 0177

Español | Tiếng Việt | 한국어 | 中文 |
հայերեն

Search

## THE SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

| Home | Online Services | Forms & Filings | Self-Help | Divisions | Jury | General Info |
|------|-----------------|-----------------|-----------|-----------|------|--------------|
| | Pay Fines, Search Records.. | Forms, Filing Fees... | Self-Rep, Info, FAQs. . | Civil, Criminal, Family. . | Jury Duty Portal, Q&A . | Courthouses, ADA, Local Rules. . |

ONLINE SERVICES

# Tentative Rulings

## DEPARTMENT 51 LAW AND MOTION RULINGS

---

### Case Number: BC648057   Hearing Date: May 25, 2018   Dept: 51

Background

This is a "lemon law" action. On February 2, 2018, at the final status conference, counsel for the parties notified the Court that the case was settled.

On May 3, 2018, plaintiff filed this opposed motion for attorneys' fees. The Court considered the moving, opposition, and reply papers and rules as follows.

Standard

The party claiming attorneys' fees must establish entitlement to such fees and the reasonableness of the fees claimed. Civic Western Corporation v. Zila Industries, Inc. (1977) 66 Cal.App.3d 1, 16. "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties[.]" CCP § 1021.

"It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of discretion." Melnyk v. Robledo (1976) 64 Cal.App.3d 618, 623. In exercising its discretion, the court should consider a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in handling the matter, the attention given, the success or failure, and the resulting judgment. Ibid.

In determining the proper amount of fees to award, courts use the lodestar method. The lodestar figure is calculated by multiplying the total number of reasonable hours expended by the reasonable hourly rate. "Fundamental to its determination ... [is] a careful compilation of the time spent and reasonable hourly compensation of each attorney ... in the presentation of the case." Serrano v. Priest (1977) 20 Cal.3d 25, 48 (Serrano III). A reasonable hourly rate must reflect the skill and experience of the attorney. Id. at 49. "Prevailing parties are compensated for hours reasonably spent on fee-related issues. A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether." Serrano v. Unruh (1982) 32 Cal.3d 621, 635 (Serrano IV); see also Weber v. Langholz (1995) 39 Cal.App.4th 1578, 1587 ("The trial court could make its own evaluation of the reasonable worth of the work done in light of the nature of the case, and of the credibility of counsel's declaration unsubstantiated by time records and billing statements.")

Reasonable attorney fees should be based on an objective standard of reasonableness, i.e., the market value of services rendered, not on some notion of cost incurred. PLCM Group, Inc. v. Drexler (2000) 22 Cal.4th 1084, 1090. The value of legal services performed in a case is a matter in which the trial court has its own expertise. Id. at 1096. The trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony. Ibid. The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case. Ibid.

Request for Judicial Notice

Plaintiff's request for judicial notice of fifteen court orders regarding attorneys' fees motions in other courts is DENIED as superfluous.

RAMOS   0178

<u>Evidentiary Objections</u>

The Court's rulings on evidentiary objections are contained in the proposed orders.

<u>Analysis</u>

Here, plaintiff is the prevailing party and therefore generally entitled to attorneys' fees. See <u>Garcia v. Mercedes-Benz USA, LLC</u> (2018) 21 Cal.App.5th 1259, 1266-1267 ("the question of whether a buyer is a prevailing party under the [Song-Beverly Consumer Warranty] Act looks to what the buyer was last offered by the manufacturer or retail seller before filing suit and whether she achieved a greater result by the time of settlement or verdict.)

Regarding the hourly rates and time spent, plaintiff states that eight different attorneys spent 140.2 hours prosecuting this case. The rates range from $325 to $495 per hour. Plaintiff's counsel's declaration provides sufficient support for these rates. Plaintiff's counsel has extensive experience in consumer warranty law. Shahian Decl. ¶¶ 4, 22. Additionally, plaintiff's counsel vigorously pursued this litigation, including in obtaining an order to compel further responses from defendant and obtaining a settlement amount nearly triple plaintiff's purchase price for the Jeep Cherokee at issue. Plaintiff's counsel achieved close to the best possible result that could have been achieved at trial (namely, a maximum civil penalty of twice the amount of damages). Therefore, accounting for the relevant factors stated above, the Court finds that plaintiff's counsel's claimed hourly rates are reasonable. Further, the Court finds that, contrary to defendant's arguments to the contrary, plaintiff's counsel's billed time does not indicate inefficiency.

In his reply, plaintiff reduces the amount requested, conceding that 2.1 hours spent on a motion in limine was duplicative. The moving papers and reply also request $3,500 for drafting the reply. This amount is unsubstantiated and will be reduced to $1,000 for preparing the reply and appearing at the hearing.

Defendant argues that attorneys' fees incurred after its March 11, 2017 offer to repurchase the vehicle are necessarily unreasonable, citing <u>Dominguez v. American Suzuki Motor Corp.</u> (2008) 160 Cal.App.4th 53. Defendant, however, conflates offers to repurchase a vehicle with an offer made pursuant to Code of Civil Procedure section 998. See CCP § 998(c)(1) ("If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer.") Defendant does not attempt to argue that the repurchase offer was such a section 998 offer. Nor could it, as the offer letter did not contain a "provision that allows the accepting party to indicate acceptance of the offer by signing a statement that the offer is accepted." CCP § 998(b). Moreover, <u>Dominguez</u> concerned the potential impropriety of commencing litigation after a compliant repurchase offer was made. The Court of Appeal there concluded that because the repurchase offer brought the defendant into compliance with the "lemon law," the subsequent lawsuit could not be maintained. Here, the repurchase offer was made over a month after the complaint was filed, so the same concerns are not implicated. <u>Dominguez</u> is therefore inapposite, and the March 2017 repurchase offer did not affect the reasonableness of subsequent attorneys' fees.

Plaintiff seeks a 1.35 lodestar multiplier on the sole basis that counsel represented him on contingency. Relevant factors to determine whether an enhancement is appropriate include (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. <u>Ketchum v. Moses</u> (2001) 24 Cal.4th 1122, 1132.

Based on the record, including plaintiff's memorandum of points and authorities, no multiplier is warranted. The contingent risks, preclusion of other work, skill, and difficulty counsel assert are absorbed by counsel's hourly rates. See <u>Robertson v. Fleetwood Travel Trailers of California, Inc.</u> (2006) 144 Cal.App.4th 785, 822. Furthermore, this was a routine case; plaintiff does not asset that any novel or complex issues were presented.

Defendant does not contest plaintiff's entitlement to costs.

<u>Conclusion</u>

The motion is GRANTED as to fees and costs, reduced according to the above. Specifically, the Court awards $51,168.50 in attorney's fees and $5,616.56 in costs for a total of $56,785.06. Plaintiff to give notice.

RAMOS   0179

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Strategic Legal Practices, 1840 Century Park East, Suite 430, Los Angeles, California 90067.

On **May 25, 2018**, I served the document(s) described as:

**NOTICE OF RULING RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES**

on the interested parties in this action by sending [ ] the original [or] [✓] a true copy thereof [✓] to interested parties as follows [or] [ ] as stated on the attached service list:

> Matthew Proudfoot
> GATES, O'DOHERTY, GONTER & GUY, LLP
> 38 Discovery, Suite 200
> Irvine, CA 92618

[X]  **BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service that same day in the ordinary course of business with postage thereon fully prepaid at Los Angeles, California.

[ ]  **BY E-MAIL:** I hereby certify that this document was served from Los Angeles, California, by e-mail delivery on the parties listed herein at their most recent known e-mail address or e-mail of record in this action.

[ ]  **BY FAX:** I hereby certify that this document was served from Los Angeles, California, by facsimile delivery on the parties listed herein at their most recent fax number of record in this action.

[ ]  **BY PERSONAL SERVICE:** I caused the attached to be delivered, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

[ ]  **BY OVERNIGHT DELIVERY:** I am "readily familiar" with this firm's practice of collection and processing correspondence for overnight delivery. Under that practice, overnight packages are enclosed in a sealed envelope with a packing slip attached thereto fully prepaid. The packages are picked up by the carrier at our offices or delivered by our office to a designated collection site.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this **May 25, 2018,** at Los Angeles, California.

_____
Andrea Carmona

Page 1

**PROOF OF SERVICE**          **RAMOS    0180**