# EXHIBIT 12

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 53

BC622506                                                                July 31, 2019
**CATHERINE SHEPARD VS BMW OF NORTH AMERICA**                            8:30 AM
**LLC ET AL**

Judge: Honorable Robert B. Broadbelt        CSR: Julie Park, 13529
Judicial Assistant: K. Mason                ERM: None
Courtroom Assistant: C. Vaughn              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Christine J. Haw (X)

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Hearing on Motion for Attorney Fees

Case is called.

Pursuant to Government Code sections 68086, 70044, California Rules of Court, rule 2.956, and the stipulation of appearing parties, Julie Park, 13925, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court notes that Defendant is not present, has not called, and has not checked in this day. Notice to Defendant was proper.

The parties represent that they have seen the tentative ruling, and submits thereon. The tentative ruling is adopted as the Order of the Court on grounds fully reflected therein, signed and filed, and incorporated herein by reference.

The Motion for Attorney Fees filed by Catherine Shepard on 07/09/2019 is Granted.

Court makes further orders as fully reflected in its written order signed and filed this day and incorporated herein by reference.

Plaintiff is ordered to give notice.

---

                              Minute Order                          Page 1 of 1

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

### DEPARTMENT 53

| | |
|---|---|
| CATHERINE SHEPARD,<br><br>Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC, et al.,<br><br>Defendants. | Case No.:   BC622506<br><br>Hearing Date:   July 31, 2019<br><br>Time:   8:30 a.m.<br><br>**[TENTATIVE] ORDER RE:**<br><br>PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES |

MOVING PARTY:     Plaintiff Catherine Shepard

RESPONDING PARTY:     Defendant BMW of North America, LLC

**Plaintiff's Motion for Attorney's Fees, Costs and Expenses**

The court considered the moving, opposition, and reply papers.

**BACKGROUND**

On June 2, 2016, plaintiff Catherine Shepard ("Shepard") filed this "Lemon Law" action against defendants BMW of North America, LLC and Santa Monica BMW (collectively, "BMW"). The operative complaint asserts claims for violations of statutory obligations, namely the Song-Beverly Consumer Warranty Act. On March 15, 2019, BMW served a settlement offer pursuant to Code of Civil Procedure section 998 for $121,312.44. (Cutler Decl., ¶ 59.) Shepard accepted the offer. (Cutler Decl., ¶ 59, Ex. 9.)

1

Shepard now moves for an award of attorney's fees and costs in the total amount of $226,456.21.  BMW opposes the motion.

**EVIDENCE**

The court grants Shepard's request for judicial notice as to Items 1-23.  However, the court notes that taking judicial notice of the fact that certain orders or papers were filed in another case is not the same as taking judicial notice of the truth of the matters set forth in those filings.  (*See Sosinsky v. Grant* (1992) 6 Cal.App.4th 1548, 1565 ["the taking of judicial notice that the judge made a particular factual finding is a far cry from the taking of judicial notice that the 'facts' found by the judge must necessarily be the true facts...."] (emphasis in original).)

The court rules on Shepard's evidentiary objections to the Declaration of Andrew Stefatos as follows:  Objection Nos. 1 and 2 are overruled.

**LEGAL STANDARD**

Civil Code section 1794(d) provides:  "If the buyer prevails in an action under this section, the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action."

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate ..... The reasonable hourly rate is that prevailing in the community for similar work.  The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided."  (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095 (internal citations omitted).)  "[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous."  (*Horsford v. Board of Trustees of California State Univ.* (2005) 132 Cal.App.4th 359, 396.)

**DISCUSSION**

In this action, Shepard has been represented by two law firms, the Strategic Legal Practices, APC ("SLP") and the Law Offices of Michael H. Rosenstein, LC ("Rosenstein Firm"). The Rosenstein Firm was associated in as lead trial counsel on February 28, 2019. (Rosenstein Decl., ¶ 7.) The attorney billing rates for the 15 attorneys who performed work on this case at SLP ranged from $325 to $595 per hour. (Shahian Decl., ¶¶ 29-59.) The attorney billing rates for the two attorneys who performed work on this case at the Rosenstein Firm are $600 per hour for Mr. Rosenstein and $400 per hour for his associate, Brian Shippen-Murray. (Rosenstein Decl., ¶¶ 3-4.) SLP billed a total of 316.9 hours for a total of $128,080.50 (Shahian Decl., ¶ 60, Ex. 23, pp. SHEPARD 00329), and the Rosenstein Firm billed a total of 24.1 hours for a total of $13,140. Two of Shepard's attorneys, Payam Shahian of SLP and Michael Rosenstein of the Rosenstein Firm, have submitted declarations attesting to the billing rates, qualifications, skill, and experience of each of the attorneys in their respective law firms who performed work on the case. (Shahian Decl., ¶¶ 29-59; Rosenstein Decl., ¶¶ 3-4.)

BMW objects to Shepard's attorney's fees request on the grounds that the case was overstaffed, that the attorneys billed excessively for individual tasks, that the attorneys billed for numerous meetings between attorneys, and that the attorneys billed for reviewing the file.

"[S]imultaneous representation by multiple law firms posed substantial risks to task padding, over-conferencing, attorney stacking (multiple attendance by attorneys at the same court functions), and excessive research." (*Donahue v. Donahue* (2010) 182 Cal.App.4th 259, 272.) BMW argues that 17 attorneys from two firms led to inefficiency and duplication of work. The court considers each of BMW's examples in turn.

First, BMW argues that sending two attorneys from the Rosenstein Firm to the Final Status Conference to argue motions in limine was excessive, and only one attorney needed to attend the hearing. The court does not find the attorney's fees for this work to have been unreasonably incurred.

3

Second, BMW argues that the Rosenstein Firm excessively billed 8 hours to review transcripts of depositions conducted or defended by SLP's attorneys. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Third, BMW argues that counsel for Shepard improperly billed for meetings between attorneys. Specifically, BMW points to 0.7 hours billed for "attorney strategy meetings" by the Rosenstein Firm, and 12.8 hours billed for meetings by SLP. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Fourth, BMW argues that SLP excessively billed for time to review the file or review the work of other billers. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Fifth, BMW argues that SLP excessively billed for time on the instant motion for attorney's fees, costs, and expenses, including 16.8 hours for drafting the motion and an additional $3,500 anticipated for fees incurred in drafting a reply and attending the hearing on this motion. The court does not find the attorney's fees for this work to have been unreasonably incurred.

Based on its review of the evidence presented (including the work and time entries on the attorney's bills), the court finds that the billing entries in Shepard's attorneys' bills do not evidence inefficient or unreasonable billing, duplication of effort, padding of time entries, over-conferencing, or multiple attendance by attorneys at the same court functions, as a result of the staffing and division of labor among Shepard's attorney's on this case. The court also finds that the hourly rates charged by each of Shepard's attorneys are reasonable based on their respective qualifications, skill, and experience, and the prevailing rates in the community for similar work. Therefore, the court finds that the lodestar attorney's fees requested by Shepard were reasonably incurred by Shepard in connection with the commencement and prosecution of this action. (Civ. Code, § 1794, subd. (d).)

Shepard also seeks an adjustment to her attorneys' fee request by a lodestar multiplier of 1.35. "[T]he lodestar is the basic fee for comparable legal services in the community; it may be adjusted by the court based on factors including, as relevant herein, (1) the novelty and difficulty

of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. [Citation omitted.] The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services. The "'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.'"" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132.)

The court finds that, although Shepard's case was taken on a contingency basis, none of the other factors supports the application of a multiplier. There is no indication that this case was complex or presented challenging legal issues. There is no evidence that counsel was precluded from taking other cases because of the nature of this case, nor is the success achieved by counsel exceptional. Finally, the court does not find that BMW did anything to unreasonably delay resolution of this case.

The court also notes that the hourly rates requested by Shepard are reasonable because of counsel's demonstrated skill and experience. Because the quality of representation and the degree of skill exercised by counsel is already factored into the lodestar, it would be unreasonable to award an enhancement. (*See Holguin v. Dish Network LLC* (2014) 229 Cal.App.4th 1310, 1333 ["Where, as here, the court determines that the lodestar itself constitutes a reasonable fee for the action at issue, no enhancement is warranted."].)

In any event, the court also notes that, in the Statutory Offer which Shepard accepted, the parties agreed that "Defendants shall not be liable for a fee multiplier greater than 1.00." (Cutler Decl., ¶ 59, Ex. 9, p. 2:17-18.)

The court therefore declines to apply a multiplier to the lodestar amount.

Because no objection was made to the amount of costs and expenses sought by Shepard, the court finds that the $32,308.53 in costs and expenses requested by Shepard were reasonably

5

incurred by Shepard in connection with the commencement and prosecution of this action. (Civ. Code, § 1794, subd. (d).)

**ORDER**

For the reasons set forth above, Shepard's motion for attorney's fees is granted. The court orders that Shepard shall recover a total of $144,720.50 in attorney's fees (consisting of $131,580.50 ($128,080.50 billed and $3,500 anticipated for the reply and hearing on this motion) in attorney's fees for work performed by Strategic Legal Practices, APC, plus $13,140 in attorney's fees for work performed by the Law Offices of Michael H. Rosenstein, LC) from defendants BMW of North America, LLC and Santa Monica BMW, pursuant to Civil Code section 1794, subdivision (d).

The court orders that Shepard shall recover $32,308.53 from defendants BMW of North America, LLC and Santa Monica BMW for costs and expenses, pursuant to Civil Code section 1794, subdivision (d).

The court orders Shepard to give notice of this ruling.

IT IS SO ORDERED.

DATED: July 31, 2019

_____
Robert B. Broadbelt III
Judge of the Superior Court

6

CIV-130

| PLAINTIFF/PETITIONER: Catherine Shepard | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BMW of North America LLC | BC622506 |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   1840 Century Park East, Suite 430
   Los Angeles, CA 90067

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☒ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):* July 31, 2019

   b. from *(city and state):* Los Angeles, CA

4. The envelope was addressed and mailed as follows:

   a. Name of person served: Kate Lehrman

       Street address: 12121 Wilshire Blvd. #1300
       City: Los Angeles
       State and zip code: CA 90067

   c. Name of person served:

       Street address:
       City:
       State and zip code:

   b. Name of person served:

       Street address:
       City:
       State and zip code:

   d. Name of person served:

       Street address:
       City:
       State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 31, 2019

Kirsten Pangaliman
(TYPE OR PRINT NAME OF DECLARANT)

▶ *Kirsten Pangaliman*
(SIGNATURE OF DECLARANT)

Page 2 of 2

CIV-130 [New January 1, 2010]                **NOTICE OF ENTRY OF JUDGMENT OR ORDER**