Payam Shahian (SBN 228406)
Email : pshahian@slpattorney.com
Jacob Cutler (SBN 264988)
e-mail: jcutler@slpattorney.com
**Strategic Legal Practices, APC**
1840 Century Park East, Suite 430
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Hallen D. Rosner (SBN 109740)
Email: hal@rbblawgroup.com
**Rosner, Barry & Babbitt, LLP**
10085 Carroll Canyon Road, Suite 100
San Diego, California 92131
Telephone: (858) 348-1005
Facsimile: (858) 348-1150

Attorneys for Plaintiffs MARIA DE LOURDES LUNA
and KAREN CANO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DE LOURDES LUNA and KAREN CANO,<br><br>Plaintiff,<br><br>vs.<br><br>FCA US, LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 2:17-cv-08272-ODW-RAO<br><br>[Assigned to Hon. Otis D. Wright]<br><br>**DECLARATION OF JACOB CUTLER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**<br><br>**Date: September 16, 2019**<br>**Time: 1:30 p.m.**<br>**Location: Courtroom 5D** |

---

**DECLARATION OF JACOB CUTLER IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**

## DECLARATION OF JACOB CUTLER

I, Jacob Cutler, declare as follows:

1.      I am over the age of 18 and not a party to the action. I am an attorney, duly admitted and licensed to practice before all courts of this State and the United States District Court, Central District of California. I am an attorney at Strategic Legal Practices, APC located at 1840 Century Park East, Suite 430, Los Angeles, California 90067. I am one of the attorneys for Plaintiffs MARIA DE LOURDES LUNA and KAREN CANO ("Plaintiff") in the above-captioned action. My knowledge of the information and events described herein derives from a combination of my personal knowledge, a careful review of the file, relevant court records and communications with other Plaintiff's counsel, and if called as a witness, I could and would competently testify thereto.

2.      I submit this declaration in support of Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses.

### *Factual Background, Purchase History, and Repair History Summary*

3.      On May 31, 2016, Plaintiff purchased a 2016 Jeep Wrangler, the Subject Vehicle, with 17 miles on the odometer from Rydell Chrysler Dodge Jeep Ram for a total sales price of $66,220.56. After taking into consideration unaccrued interest and the mileage offset the actual damages were approximately $58,000. Attached hereto as **Exhibit 1** is a true and correct copy of the purchase agreement for the Subject Vehicle.

4.      The Subject Vehicle was purchased or used primarily for personal, family, or household purposes. In connection with the purchase, Plaintiff received an express written warranty in which FCA undertook to preserve or maintain the utility or performance of the Subject Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Subject

1

**DECLARATION OF JACOB CUTLER IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**

Vehicle during the warranty period, Plaintiff could deliver the Subject Vehicle for repair services to FCA's representative, and the Subject Vehicle would be repaired.

5.      During the warranty period, the Subject Vehicle contained or developed defects including the Engine Defect.

6.      Plaintiff took the Subject vehicle to Defendant's dealership on multiple occasions to try to repair these defects but Defendant was unable to conform the vehicle to warranty.  These defects substantially impaired the use, value, or safety of the vehicle.

### *Defendant's Refusal to Pay Restitution for the Subject Vehicle*

7.      Dissatisfied with the ongoing engine and water leak problems with the Subject Vehicle, Plaintiff directly called FCA on or around February 27, 2017, to complain about the problems and to request a repurchase of the vehicle. Plaintiff specifically informed FCA that the engine had been replaced, and that she had been to the service facility three or four times in order to have the leaking roof repaired to no avail. FCA refused the repurchase request on June 14, 2017. Attached as **Exhibit 2** is a true and correct copy of FCA's call log.

### *Initial Procedural History*

8.      On October 27, 2017, Plaintiffs filed their complaint, alleging that Defendant violated the Song-Beverly Consumer Warranty Act by failing, among other things, to repair the Subject Vehicle within a reasonable number of attempts and by failing to repurchase the vehicle, despite knowing that the vehicle was defective.

9.      On or around November 13, 2017, Defendant removed this case to federal court for the Central District of California, Western division.

10.     Concurrently with its removal, Defendant filed its answer denying the allegations of Plaintiffs' Complaint and asserting twenty three affirmative defenses. Attached as **Exhibit 3** is a true and correct copy of the Answer.

**DECLARATION OF JACOB CUTLER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**

***Summary of Discovery Efforts***

11.   On January 19, 2018 the parties filed their Joint 26(f) Discovery Plan.

12. On February 8, 2018 Plaintiff propounded a set of written discovery including a request for production, special interrogatories, and requests for admission. After receiving Defendant's responses and document production, Plaintiff reviewed and met and conferred with Defendant about deficiencies.

13.   Plaintiff also noticed the deposition of FCA's PMQ.

14.   Defendant also served a set of written discovery which Plaintiff responded to on April 27, 2018.

15.   Plaintiff Maria De Lourdes Luna was deposed on December 6, 2018.

16.   Plaintiff Karen Cano was deposed on December 7, 2018.

17.   The Subject Vehicle was inspected on December 7, 2018.

***Trial Preparation***

18.   On February 25, 2019 Plaintiff filed various trial documents including a Memorandum of Contention of Facts and Law, a Statement of the Case, Proposed Voir Dire Questions, Proposed Joint Exhibit List, Witness List and Proposed Special Jury Verdict.

19.   On February 27, 2019 Plaintiff filed additional trial documents such as a Joint Status Report, Joint Exhibit List, Witness List, and Statement of the Case.

20.   On March 4, 2019 the Court held a Status Conference. The Court held that it will have a pretrial conference on the same day as the motions in limine on March 18, 2019.

21.   Plaintiff filed two motions in limine and opposed three of FCA's motions in limine. All motions in limine were granted including Plaitniff's Motion in Limine 1 to Exclude Evidence or Argument Contrary to Matters Deemed Admitted.

3

**DECLARATION OF JACOB CUTLER IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**

22. On March 18, 2019 the Court held a pretrial conference/motions in limine hearing. The Court granted all five motions in limine.

### *Defendant's Rule 68 Offer and Settlement*

23. On October 24, 2018 Defendant Served a Rule 68 Offer for $90,000 plus a motion for fees, costs and expenses. Plaintiff objected to this offer. Attached as **Exhibit 4** is a true and correct copy of this Offer.

24. The parties mediated the case on March 26, 2019. Subsequently, a settlement was reached. The parties memorialized the settlement into a written agreement. Defendant was to pay $166,000 to buyback the vehicle plus a motion for attorney's fees, costs and expenses pursuant to California Civil Code Section 1794(d). Defendant agreed that Plaintiff is to be deemed the prevailing party for purposes of the fee motion and that Plaintiff shall file a single motion for attorney's fees, costs and expenses. Attached as **Exhibit 5** is a true and correct copy of this signed agreement.

25. Per local rule 7-3, The parties conduced a telephonic conference to discuss Plaintiff's attorneys fees, costs and expenses. The parties were unable to reach a resolution. Attached as **Exhibit 6** is a true and correct copy of the Joint Statement regarding the briefing schedule on Plaintiff's motion.

26. Attached as **Exhibit 7** is a true and correct copy of the Order on attorney's fees and prejudgment interest in the lemon law matter of *Jerry Zomorodian v. BMW* (United States District Court for the Central District of California Case No. 2:17-cv-5061-DMG(PLAx).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of July 2019 in Los Angeles, California.

_____
JACOB CUTLER

4

**DECLARATION OF JACOB CUTLER IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES**