# EXHIBIT 3

Lynn R. Levine, Esq. (State Bar No.176737)
Anna Z. Hettwer, Esq., State Bar No. 285396
CLARK HILL LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile:    (213) 488-1178
Email:  LLevitan@clarkhill.com
         AHettwer@clarkhill.com
Attorneys for Defendant
FCA US, LLC

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| MARIA DE LOURDES LUNA and KAREN CANO | Case No.: BC681566 |
| Plaintiffs, | |
| vs. | **DEFENDANT FCA US LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |
| FCA US, LLC, and DOES 1 through 10, inclusive, | Complaint Filed:  October 27, 2017 |
| Defendants. | Trial Date:  None Scheduled |

Defendant, FCA US LLC, a Delaware Limited Liability Company, responds to Plaintiffs Maria de Lourdes Luna and Karen Cano ("Plaintiffs'") Complaint as follows:

1.     Pursuant to California Code of Civil Procedure § 431.30, FCA US LLC denies each and every allegation in the Complaint and further denies that Plaintiffs have been damaged in any sum whatsoever.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

2.     As a first separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC alleges that, if Plaintiffs sustained any damages as alleged in the Complaint, such damages were proximately caused and contributed to by Plaintiffs in failing to conduct themselves in a manner ordinarily expected of a reasonably prudent person in the conduct of

1

their affairs and business.  The contributory negligence and fault of Plaintiffs eliminates or diminishes any recovery sought in Plaintiffs' Complaint.

### SECOND AFFIRMATIVE DEFENSE

3.      If Plaintiffs sustained any damages as alleged in the Complaint, such damages were proximately caused and contributed to by persons and/or parties other than FCA US LLC, by that party's or those parties' failure to conduct themselves in a manner ordinarily expected of reasonably prudent persons in the conduct of their affairs and business.  Contributory negligence and fault of persons and/or parties other than FCA US LLC eliminates or diminishes any recovery from FCA US LLC for the claims asserted in Plaintiffs' Complaint.

### THIRD AFFIRMATIVE DEFENSE

4.      As a third separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC  alleges that the Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against FCA US LLC.

### FOURTH AFFIRMATIVE DEFENSE

5.      As a fourth separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC  contends that Plaintiffs' cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties.

### FIFTH AFFIRMATIVE DEFENSE

6.      As a fifth separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC  contends that Plaintiffs' claims are barred by the statute of limitations set forth in the California Code of Civil Procedure, specifically sections 337, 338 and 338.1 and Commercial Code section 2725.

### SIXTH AFFIRMATIVE DEFENSE

7.      As a sixth separate and distinct affirmative defense, FCA US LLC  contends that if Plaintiffs sustained any damages as alleged in the Complaint, such damages were proximately caused and contributed to by Plaintiffs in failing to mitigate their damages.  Plaintiffs' failure to mitigate their damages eliminates or diminishes any recovery herein.

2

DEFENDANT FCA US LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

216476835.1

## SEVENTH AFFIRMATIVE DEFENSE

8.    As a seventh separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC  contends that Plaintiffs' Complaint, and each cause of action thereof,  is barred against FCA US LLC  by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

9.    As an eighth separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC alleges that the entire Complaint, and each cause of action thereof, is barred against FCA US LLC by the doctrine of bad faith.

## NINTH AFFIRMATIVE DEFENSE

10.    As a ninth separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC  alleges Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, breach of warranty, negligence or any other conduct as set forth in Plaintiffs' Complaint.

## TENTH AFFIRMATIVE DEFENSE

11.    As a tenth separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC alleges Plaintiffs are barred from recovery by virtue of Civil Code § 1794.3 since the claimed defect or nonconformity was caused by the unauthorized or unreasonable use of the vehicle following sale.

## ELEVENTH AFFIRMATIVE DEFENSE

12.    As an eleventh separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC  alleges each and every cause of action based upon breach of implied warranty is barred by virtue of Civil Code § 1791.1(c).

## TWELFTH AFFIRMATIVE DEFENSE

13.    As a twelfth separate and distinct affirmative defense to the entire Complaint and each cause of action thereof, FCA US LLC  is informed and believes and, thus, alleges that Plaintiffs waited an unreasonable period of time to complain of the alleged acts or omissions at issue in Plaintiffs' Complaint so as to prejudice Defendant.  Plaintiffs are, therefore, guilty of laches and are barred from recovery.

3

## THIRTEENTH AFFIRMATIVE DEFENSE

14.    As a thirteenth separate and distinct affirmative defense to the entire Complaint and each cause of action thereof, FCA US LLC alleges that the vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody, and control of the manufacturer. Any damage to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale, by persons other than the manufacturer or any of its agents, servants, or employees; thus, barring Plaintiffs' recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE

15.    As a fourteenth separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC alleges that the repair process to Plaintiffs' vehicle was appropriate and proper and is believed to have been done with the consent of the Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

16.    As a fifteenth separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC  alleges that the Complaint fails to state sufficient facts to warrant the imposition of civil penalties because it was believed that replacement or repurchase of the subject vehicle was not appropriate under the circumstances then known.

## SIXTEENTH AFFIRMATIVE DEFENSE

17.    As a sixteenth separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC alleges that any failure to perform the obligations as described in the Complaint resulted from Plaintiffs' failure to perform as required by the contract and/or warranty.  Performance on Plaintiffs' part of Plaintiffs' obligations was a condition precedent to the performance of Defendant's obligations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

18.    As a seventeenth separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC alleges that Plaintiff has engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, breach of warranty, negligence or any other conduct as set forth in the Complaint.

///

4

DEFENDANT FCA US LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

216476835.1

## EIGHTEENTH AFFIRMATIVE DEFENSE

19.     As an eighteenth separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC  alleges that Plaintiffs have engaged in conduct and activity sufficient to estop Plaintiffs from asserting all or any part of the claim set forth in Plaintiffs' Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

20.     As a nineteenth separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC alleges that Plaintiffs' claims are barred by the equal dignities rule, codified in part in Civil Code Section 2309 and in other California statutes.

## TWENTIETH AFFIRMATIVE DEFENSE

21.     As a twentieth separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC  alleges that Plaintiffs' Complaint fails to state facts sufficient to entitle Plaintiffs to an award of punitive or exemplary damages as to FCA US LLC .

## TWENTY-FIRST AFFIRMATIVE DEFENSE

22.     As a twenty-first separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC contends that the Complaint fails to state facts sufficient to warrant the imposition of civil penalties because Plaintiffs failed to serve upon FCA US LLC written notice requesting that FCA US LLC comply with paragraph (2) of subdivision (d) of Civil Code Section 1793.2 as required by Civil Code Section 1794(e)(3).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

23.     As a twenty-second separate and distinct affirmative defense to the entire Complaint, and each cause of action thereof, FCA US LLC  alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  FCA US LLC reserves the right to assert additional defenses in the event that they would be appropriate.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

24.     As a twenty-third separate and distinct affirmative defense to the entire Complaint and each cause of action thereof, FCA US LLC contends that imposition of a civil penalty in this case

5

would violate FCA US's rights under the Fourteenth Amendment to the United States Constitution and/or Article 1 of the California Constitution.

WHEREFORE, FCA US LLC prays judgment as follows:

1. That Plaintiffs take nothing by way of the Complaint;

2. That the present action be dismissed with prejudice;

3. That the Court enter judgment in favor of FCA US and against Plaintiffs on each claim for relief;

4. For attorneys' fees;

5. For costs of suit; and

6. For such other and further relief as this Court may deem just and proper.

Dated:  November 8, 2017

CLARK HILL LLP

By: _____

Lynn R. Levitan
Counsel for Defendant
FCA US LLC

6

DEFENDANT FCA US LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

216476835.1

## DEMAND FOR JURY TRIAL

Defendant, FCA US LLC hereby demands trial of this matter by jury.

Dated:  November 8, 2017                    **CLARK HILL LLP**

By: _____
   Lynn R. Levitan
   Counsel for Defendant
   FCA US LLC

---

7

DEFENDANT FCA US LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

216476835.1

**PROOF OF SERVICE**
*MARIA DE LOURDES LUNA and KAREN CANO v. FCA US, LLC, et al.*
LASC, Case No. BC681566

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 West Seventh Street, 24th Floor, Los Angeles, California 90017.

On November 9, 2017, I served the foregoing document(s) described as: **"DEFENDANT FCA US LLC'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL"** on the parties in this action by placing

☐ the original of the document(s)    ☒ true copies of the document(s)

in separate sealed envelopes addressed to the following party(ies) in this matter at the following address(es):

| | |
|---|---|
| Nancy Zhang<br>Strategic Legal Practices APC<br>1840 Century Park East<br>Suite 430<br>Los Angeles, CA  90067<br>Tel:   (310) 929-4900<br>Fax:  (310) 943-3838 | *Attorneys for Plaintiffs MARIA DE LOURDES LUNA and KAREN CANO* |

☑ **BY U.S. MAIL:** I enclosed the documents in a sealed envelope or package addressed to the above-named persons at the addresses exhibited therewith. I am readily familiar with Clark Hill's practice of collection and processing correspondence for mailing. Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the above-named persons at the addresses exhibited therewith. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the above-named persons at the e-mail addresses exhibited therewith. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY PERSONAL SERVICE:** I caused the above document(s) to be personally delivered to the address(es) exhibited therewith. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to

1

**PROOF OF SERVICE**

the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **BY FACSIMILE:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the above-named persons at the fax numbers exhibited therewith. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached

Executed on November 9, 2017, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

SUSAN E. CONTRERAS

216480799.1

2

**PROOF OF SERVICE**