**O**

# United States District Court
# Central District of California

| | |
|---|---|
| MARIA DE LOURDES LUNA and KAREN CANO, <br><br> Plaintiffs, <br><br> v. <br><br> FCA US LLC and DOES 1 through 10, <br><br> Defendants. | Case No. 2:17-cv-08272-ODW (RAOx) <br><br> **ORDER GRANTING IN PART, PLAINTIFFS'MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES [84]** |

## I.  INTRODUCTION

On October 27, 2017, Plaintiffs Maria De Lourdes Luna and Karen Cano ("Plaintiffs") filed suit against Defendant FCA US LLC ("FCA") in Superior Court of Los Angeles County for violation of the California Song-Beverly Consumer Warranty Act ("Song-Beverly"). (Notice of Removal ("Removal") Ex. A ("Compl."), ECF No. 1.) Subsequently, FCA removed the case to federal court and, on the eve of trial, the parties reached a settlement. (*See* Removal; Notice of Settlement, ECF No. 80.) Pursuant to the settlement, Plaintiffs now move for attorneys' fees and costs in the amount of $120,594.18. (Mot. for Att'y Fees ("Mot."), ECF No. 84.)  For the reasons

discussed below, the Court **GRANTS IN PART** Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses ("Motion").[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

On or about May 31, 2016, Plaintiffs purchased a 2016 Jeep Wrangler ("Vehicle") for $66,220.56. (Mot. 5.) In connection with the purchase, Plaintiffs received an express written warranty in which FCA guaranteed performance of the Vehicle for a specified period of time or promised to provide compensation for a failure in utility or performance. (Decl. of Jacob Cutler ("Cutler Decl.") ¶ 4, ECF No. 84-19.) Within one year, Plaintiffs took the Vehicle to the dealership several times to replace the engine and repair a leaking roof. (Mot. 5; Cutler Decl. ¶¶ 6–7.)

On February 27, 2017, Plaintiffs requested FCA repurchase the vehicle due to the ongoing problems and, when it refused, Plaintiffs filed the instant lawsuit on October 27, 2017. (Mot. 5; Cutler Decl. ¶¶ 7–8.) Counsel for Plaintiffs prepared and served the complaint, prepared and filed their portion of the Joint Rule 26(f) Report, and propounded and responded to discovery requests. (Cutler Decl. ¶¶ 11–14.)

On October 24, 2018, FCA served an Offer of Judgment pursuant to Federal Rules of Civil Procedure ("Rule") 68 for $90,000 plus a motion for fees, costs and expenses, which Plaintiffs rejected. (Cutler Decl. ¶ 23.) Subsequently, counsel for Plaintiffs defended FCA's depositions of Plaintiffs, attended a Vehicle inspection, prepared pretrial documents, filed and opposed motions in limine, and represented Plaintiffs in mediation. (Mot. 6; *See* Cutler Decl. ¶¶ 15–24.)

Shortly after the mediation on March 26, 2019, the parties reached a settlement in which FCA agreed to pay $166,000 to repurchase the Vehicle and Plaintiffs could file a motion for attorneys' fees. (Cutler Decl. ¶ 24.) Now, pending before the Court is Plaintiffs' motion for attorneys' fees. (*See* Mot.)

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

2

## III. PRELIMINARY MATTERS

### A. Request for Judicial Notice

Plaintiffs request the Court judicially notice several orders and rulings from California Superior Courts and sister District Courts discussing attorneys' fees in lemon law matters. (Req. for Judicial Notice, ECF No. 84-2.) "[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Though the Court "may take notice of proceedings [and related filings] in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue," here, Plaintiffs seek to judicially notice orders from matters unrelated to the instant case. *See U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Accordingly, the Court **DENIES** Plaintiffs' request.

### B. Standing Order

Plaintiffs' Reply in support of their Motion is twenty-two pages, including a full-page footnote, ten pages longer than permitted. (*See* Reply in Supp. of Mot., ECF No. 88); *see* Honorable Otis D. Wright II, Standing Order, http://www.cacd.uscourts.gov/honorable-otis-d-wright-ii ("Replies shall not exceed 12 pages. . . . Filings that do not conform to the Local Rules and this Order will not be considered."). Plaintiffs did not seek leave for an extension of the page limitation. Consequently, the Court does not consider any argument made beyond the twelfth page of the Reply.

## IV. LEGAL STANDARD

"State law governs attorney fees in diversity cases." *Negrete v. Ford Motor Co.*, No. ED CV 18-cv-1972-DOC (KKx), 2019 WL 4221397, at *2 (C.D. Cal. June 5, 2019) (citing *Riordan v. State Farm Mut. Auto. Ins. Co.*, 589 F.3d 999, 1004 (9th Cir. 2009).

Song-Beverly authorizes an award of costs and expenses to plaintiffs prevailing in their claims pursuant to the Act. Cal. Civ. Code § 1794(d). Plaintiffs may recover "a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." *Id*. However, the "prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Morris v. Hyundai Motor Am.*, 41 Cal. App. 5th 24, 34 (2019) (collecting case) (internal quotation marks omitted).

In determining the amount of attorney's fees to award under § 1794(d), a court must utilize the "lodestar" method of calculating the award, accomplished by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* at 34 (citing *Meister v. Regents of Univ. of Cal.*, 67 Cal. App. 4th 437, 448–49 (1998) ("the California Supreme Court intended its lodestar method to apply to a statutory attorney's fee award")). Section 1794 requires a trial court to "ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Id*. Courts may grant an upward or downward departure based on (1) the complexity of the case and procedural demands, (2) the skill exhibited and results achieved, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award. *Id.*; *Negrete*, 2019 WL 4221397, at *2. If the court finds the time expended or amount requested are not reasonable, "it must take this into account and award attorney fees in a lesser amount." *Morris*, 41 Cal. App. 5th at 34.

## V. DISCUSSION

Plaintiffs move for costs in the amount of $4916.29 for Strategic Legal Practices ("SLP") and $621.99 for Rosner, Barry and Babbitt LLP ("RBB"), attorneys' fees in the amount of $71,084.00 for SLP and $11,550.00 for RBB, a lodestar modifier in the

4

amount of $28,921.90, and an additional fee in the amount of $3500 for reviewing and replying to an anticipated opposition to the instant motion, totaling to $120,594.18. (Mot. 4.) FCA opposes the Motion asserting that Plaintiffs' counsel seeks costs outside the scope of those statutorily permitted and fees for "padded or fictious" bills. (Opp'n to Mot. ("Opp'n") 2, 12, ECF No. 87.)

**A. Costs**

Plaintiffs move for costs in the amount of $4916.29 for SLP and $621.99 for RBB. (Mot. 18–19; Decl. of Payam Shahian ("Shahian Decl.") ¶ 46, ECF No. 84-3; Shahian Decl. Ex. 13 ("SLP Costs and Fees Records"), ECF No. 84-16; Decl. of Hallen D. Rosner ("Rosner Decl.") ¶ 3, ECF No. 84-17; Rosner Decl. Ex. A ("RBB Costs and Fees Records"), ECF No. 84-18.) FCA opposes Plaintiffs' request for reimbursement of costs and seeks to reduce the costs by $506.77. (Opp'n 12–13.) Specifically, FCA opposes SLP's costs of $5.48 for a meal for Caitlin Scott (Opp'n 13; *see* SLP Costs and Fees Records) and RBB's costs of $329.60 for photocopies, $16.09 for an overnight delivery, and $155.60 for mileage (Opp'n 12; *see* RBB Costs and Fees Records).

Song-Beverly authorizes an award of reasonable costs but does not illustrate what costs are permissible. Cal. Civ. Code § 1794(d). FCA cites to the rules of California civil procedure to inform what costs attorneys of prevailing parties may recover under California law. (Opp'n 12–13; *see* Cal. Code Civ. Proc. §§ 1032, 1033.5.) Per section 1033.5, travel expenses to depositions are valid costs, but meals are not listed. Cal. Code Civ. Proc. §1033.5(a)(3)(C). Furthermore, the section does not permit costs for "photocopying" "except when expressly authorized by law." Cal. Code Civ. Proc. §1033.5(b)(3).

Additionally, Plaintiffs do not oppose the reduction in costs. (*See* Reply 1–12.) Consequently, the Court deducts the costs sought for the meal and photocopies. However, the Court does not deduct the $16.09 expense of overnight delivery as it appears that the delivery was made to "United States Courthouse," presumably to

serve chambers copies. (RBB Costs and Fees Records 1.) The Court also does not deduct the mileage costs related to travel for a hearing in this matter. (RBB Costs and Fees Records 1.) Accordingly, the Court **GRANTS** an award of $4910.81 in costs to SLP and $292.39 in costs to RBB. The Court now considers the reasonableness of the requested attorneys' fees using the lodestar method.

**B.     Attorneys' Fees**

   *1.     Lodestar Analysis[2]*

Plaintiffs had twelve attorneys billing on this matter at the following rates and for the following number of hours:

| HDR | RBB Partner | $660 | 17.5 hours |
|---|---|---|---|
| GY | SLP Of Counsel | $525 | 34.3 hours |
| JC | SLP Associate | $435 | 10.5 hours |
| GS | SLP Associate | $350 | 3.2 hours |
| CJH | SLP Associate | $375 | 0.5 hours |
|  |  | $410[3] | 12.4 hours |
| MS | SLP Associate | $475 | 8.3 hours |
| CJS | SLP Associate | $335 | 5.1 hours |
|  |  | $365[4] | 34.5 hours |
| NZ | SLP Associate | $365 | 19.5 hours |
| YH | SLP Associate | $350 | 3.7 hours |
| DR | SLP Associate | $375 | 15.1 hours |
| AR | SLP Associate | $435 | 20.6 hours |

---

[2] Without citing any legal authority, FCA requests the Court strike the entire bill after October 24, 2019, the date FCA made its Rule 68 Offer, because Plaintiffs objected to the offer without a counter proposal. (Opp'n 2.) However, the Court must employ the lodestar method and cannot use a "vague and invalid . . . compromise offer to cut off plaintiffs' attorney fees." *Etcheson v. FCA US LLC*, 30 Cal. App. 5th 831, 843 (2018).

[3] Reflects increase in billing rate from 2018 to 2019. (Shahian Decl. ¶ 28.)

[4] Reflects increase in billing rate from 2018 to 2019. (Shahian Decl. ¶ 32.)

6

| 1 | KW | SLP Associate | $425 | 2.5 hours |
|---|---|---|---|---|
| 2 | TOTAL | | | 187.7 hours |

(Shahian Decl. ¶¶ 21–42; RBB Costs and Fees Records 1; *See* SLP Costs and Fees Records.)[5] Accordingly, the lodestar proffered by Plaintiffs is $82,634.

"[W]hen faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure as a practical means of [excluding non-compensable hours] from a fee application." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (alteration in original). "[W]hen a district court decides that a percentage cut (to either the lodestar or the number of hours) is warranted, it must 'set forth a concise but clear explanation of its reasons for choosing a given percentage reduction.'" *Id*.

Hours Expended

The Court reviewed the RBB Costs and Fees Records and the SLP Costs and Fees Records and finds the hours to be excessive and duplicative. Specifically, both firms engaged in block-billing with SLP billing ten entries and RBB billing two entries for time exceeding four-hour blocks. (*See* RBB Costs and Fees Records; *See* SLP Costs and Fees Records.) As the Court cannot discern from these entries whether the amount of time expended on each task was reasonable, **the Court makes an across-the-board percentage cut of 20%**. *See Forouzan v. BMW of N. Am., LLC*, No. CV-17-3875-DMG (GJSx), 2019 WL 856395, at *5 (C.D. Cal. Jan. 11, 2019).

Furthermore, Plaintiffs used boilerplate pleadings and discovery but have charged egregious amounts of time. For instance, FCA asserts that Plaintiffs' Complaint is a form document that SLP uses in every case against FCA, and the discovery requests were "cut and pasted" from previous requests in other matters. (Opp'n 5; Decl. of Michelle J. Droeger ("Droeger Decl.") ¶¶ 4–5, 8, ECF No. 87-1.) Despite this apparent recycling, the billing records reflect that SLP attorneys spent 6.7

---
[5] Although Plaintiffs omit this summary breakdown from their moving papers, the Court compiles the above data from these documents.

7

hours replacing names and details from templates into these documents. Additionally, SLP billed 23.8 hours and RBB billed another 2.4 hours on Plaintiffs' motion in limine seeking Plaintiffs' Request for Admissions ("RFAs") be deemed admitted, totaling fees of nearly $14,000 for a single straightforward motion. (*See* Opp'n 6–8; *see* RBB Costs and Fees Records; *see* SLP Costs and Fees Records.)

Finally, as a result of having twelve attorneys from two firms billing on this matter, the billing records are riddled with duplicative inter-office communications and entries reviewing prior filings and case materials. Indeed, the Court finds the staffing inefficient. *See Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) ("[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task, and should deny compensation for such needless duplication[.]").

**Accordingly, the Court reduces the hours by an additional 10%**. *See Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1330 (2008) (affirming fee award reduction of discounted hours billed); *accord Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) ("trial courts must carefully review attorney documentation of hours expended"); *Hanna v. Mercedes-Benz USA, LLC*, 36 Cal. App. 5th 493, 507 (2019) ("When the trial court substantially reduces a fee or cost request, we infer the court has determined the request was inflated."). "[J]ust as there can be too many cooks in the kitchen, there can be too many lawyers on a case." *Morris*, 41 Cal. App. 5th at 38. **The Court reduces the total hours by 30%**.[6]

---

[6] FCA asserts that fee requests from all attorneys except Hal Rosner should be denied for failure to submit an individual declaration attesting to each attorney's background and training, and role in the litigation. (Opp'n 8.) Plaintiffs rely on *Ajaxo Inc. v. E\*Trade Grp. Inc.*, 135 Cal. App. 4th 21 (2005) for this point. In *Ajaxo Inc.*, formerly retained counsel had not submitted any billing records or declarations supporting its fee request. *Id.* at 65. In contrast, SLP submitted a declaration from its managing partner describing each billing attorneys' qualifications, education, and billing records to substantiate SLP's request. Accordingly, the Court does not disregard SLP's request for failing to submit individual declarations.

8

Hourly Rates

Next, the Court assesses whether the hourly rates charged by counsel are reasonable. "[T]he reasonable value of attorney services is variously defined as the hourly amount to which attorneys of like skill in the area would typically be entitled." *See Ketchum*, 24 Cal. 4th at 1133 (internal quotation marks omitted). Counsel may present evidence of hourly rates state and federal courts had previously awarded him or others for comparable work. *See Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 473 (2016). Counsel should proffer evidence of a reasonable hourly rate relative to the normal rate for attorneys "conducting noncontingent litigation of the same type." *Ketchum*, 24 Cal. 4th at 1133.

Plaintiffs' counsel provided declarations showing counsel has been awarded attorneys' fees at similar rates for cases pertaining to Song-Beverly. (*See* Shahian Decl. ¶¶ 21–42; *see* Rosner Decl. ¶ 5.) FCA criticizes Plaintiffs' fee request for failing to provide admissible evidence of attorneys' qualifications and requests that the Court deny the request in its entirety. (Opp'n 10.) To the contrary, Plaintiffs' counsel submit declarations indicating the education, experience, and skill level of each billing attorney, along with citations to cases in which courts have approved comparable billing rates. (*See* Shahian Decl.; *see* Rosner Decl.) Notwithstanding, the Court finds the rates sought by attorneys exceeds those merited given the minimal skill required in reapplying prior research and templates to the present facts. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (holding that "judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees").

Having considered the range of rates presented and the level of skill and advocacy required for the case at issue, the Court deems the following hourly rates appropriate. Further, the following hours billed reflect the above-discussed reductions.

| HDR | RBB Partner | $500 | 12.3 hours |

| | | | |
|---|---|---|---|
| GY | SLP Of Counsel | $500 | 24 hours |
| JC | SLP Associate | $350 | 7.4 hours |
| GS | SLP Associate | $350 | 2.2 hours |
| CJH | SLP Associate | $350 | 0.4 hours |
| | | $350 | 8.7 hours |
| MS | SLP Associate | $350 | 5.8 hours |
| CJS | SLP Associate | $250 | 3.6 hours |
| | | $350 | 24.2 hours |
| NZ | SLP Associate | $350 | 13.7 hours |
| YH | SLP Associate | $250 | 2.6 hours |
| DR | SLP Associate | $250 | 10.6 hours |
| AR | SLP Associate | $350 | 14.4 hours |
| KW | SLP Associate | $350 | 1.8 hours |

*See Ingram*, 647 F.3d at 928; *see Jameson v. Ford Motor Co.*, No. 2:18-CV-01952-ODW (ASx), 2019 WL 6840758, at *4 (C.D. Cal. Dec. 16, 2019). Accordingly, the Court recalculates the lodestar award to $49,860.

*2. Lodestar Multiplier*

The Court now evaluates whether a lodestar multiplier should be awarded and considers: (1) the complexity of the case and procedural demands, (2) the skill exhibited and results achieved, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, and (4) the contingent nature of the fee award. *See Ketchum*, 24 Cal. 4th at 1133.

Plaintiffs argue a 1.35 multiplier is appropriate because of the risk of taking this case on contingency and the excellent results obtained—a full statutory repurchase of the Vehicle and civil penalties in the amount of $108,000. (Mot. 16–17.) FCA argues for a negative multiplier reducing the award of attorneys' fees from the base Lodestar amount. (Opp'n 11–12.) FCA argues that a negative multiplier is warranted because

the case presented no complex or novel issues and counsel used templates in all of their filings. (Opp'n 11–12.)[7]

The Court does not find a lodestar multiplier warranted. This case presented no particularly novel or complex issues and required no special skills. The parties exchanged written discovery, conducted depositions, and prepared pretrial documents. Furthermore, Plaintiffs do not assert that their counsel sacrificed other employment for this case. Accordingly, the Court finds that the first three factors do not weigh in favor of an upward departure.

Additionally, a contingent fee agreement favors an upward departure only when there is an "uncertainty of prevailing on the merits and of establishing eligibility for the award." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 819 (2006). Here, Song-Beverly statutorily authorizes an award of attorneys' fees to a party prevailing on its claim and Plaintiffs' counsel has settled numerous cases in its client's favor. (*See* Shahian Decl. ¶¶ 4–6.) Thus, this factor does not persuasively weigh in favor of an upward departure.

While counsel obtained a positive result for Plaintiffs, the Court **DECLINES** to apply a lodestar multiplier. Accordingly, the Court **GRANTS** an award of $49,860 in attorneys' fees, consisting of $6150 to RBB and $43,710 to SLP.

---

[7] As the Court considered the FCA's similar arguments in determining the reasonable hourly rate, the Court does not apply a negative multiplier.

11

## VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** Plaintiffs' Motion for Attorneys' Fees (ECF No. 84) and **AWARDS the following:**

1. **$49,860 in attorneys' fees,**
2. **$4910.81 in costs to SLP and**
3. **$292.39 in costs to RBB.**

**IT IS SO ORDERED.**

January 30, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**